```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,                )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civil Action No. 05-1300 RMU
                                )
EXECUTIVE OFFICE FOR            )
   U.S. ATTORNEYS, et al.,      )
                                )
          Defendants.           )
                                )
```

DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

Defendants,[1] by and through counsel, respectfully moves this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order directing Plaintiff to provide a more

---

[1] Defendants are: the Executive Office for United States Attorneys ("EOUSA"); the Drug Enforcement Agency ("DEA"), the "Criminal Division" and the Office of Information And Privacy ("OIP"). None of these components constitutes an "agency" such as can be named in an action under the Freedom of Information Act. Although defendants are not moving to dismiss at this time, defendants reserve the right to seek dismissal for failure to name a proper party if plaintiff does not substitute the United States Department of Justice as the proper defendant.

definite statement outlining which Freedom of Information Act request(s) and documents he seeks to litigate in this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

KENDRICK FULTON,                )
                                )
        Plaintiff,               )
                                )
    v.                           ) Civil Action No. 05-1300 RMU
                                )
EXECUTIVE OFFICE FOR             )
   U.S. ATTORNEYS, et al.,       )
                                )
        Defendants.              )
                                )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

INTRODUCTION

This motion is filed to ensure early in this litigation precisely what issues Plaintiff seeks to litigate through his Freedom of Information Act ("FOIA") Complaint. The Court of Appeals has indicated a willingness to interpret confusing FOIA requests in the broadest possible terms. See LaCedra v. Executive Office for United States Attorneys, 317 F.3d 345 (D.C. Cir. 2003). And Defendants wish to identify early in the litigation whether Plaintiff is seeking all documents relating to him (for which a defense would certainly be available that he has failed to pay the fees associated with such a production), or whether, as counsel for Defendants expect, Plaintiff is seeking a more finite subset of documents for which costs may be far less.[1]

---

[1] Counsel presumes that Plaintiff is not seeking under the FOIA the production of the actual exhibits that he has identified from his criminal trial, as those exhibits include Cocaine and drug paraphernalia. See, Complaint, Exhibit A. Of course, if
(continued...)

The confusion stems from the multiple FOIA requests that plaintiff has apparently submitted; the multiple components of the Department of Justice to which he has submitted those requests, and the vagueness and inconsistencies of the requests and of the Complaint.  Thus, Defendants seek an order that will require Plaintiff to proffer a more definite statement of just what records or things he is seeking.

ARGUMENT

In 2004, Plaintiff sought under the FOIA voluminous records relating to himself.[2]  But, it appears, Plaintiff did not pursue the request when he was presented with an estimate of the costs he would be required to pay in order to receive the documents.

The Complaint appears to involve later requests issued by Plaintiff.  Specifically, Plaintiff alleges in the Complaint that he "requested information" from Defendants under the FOIA in January 2005.  Complaint, ¶ 1.  He describes Exhibit A to the Complaint as "copies of requested information".  Id.  Exhibit A further purports to be part of the Government's Exhibit List,

---

[1](...continued)
that is what Plaintiff seeks, it would also affect how this case is defended.

[2] A reference to his request is apparently found in Complaint, Exhibit H ("I have been advised by the EOUSA that it previously referred 2472 pages to the DEA in response to your earlier request (EOUSA Request No. 04-517), which included copies of all laboratory results maintained in the EOUSA's files.").

apparently from his criminal trial on drug charges.[3]  Thus, it seems that Plaintiff is simply seeking copies of DEA drug laboratory results relating to the exhibits that he has marked with an "X" in Exhibit A and possibly a copy of a tape recording, if one was made, of a message identifying a new telephone number for Plaintiff.  See Complaint, Exhibit A.[4]

The problem lies in what appears to be boilerplate language in the beginning of Plaintiff's FOIA requests to both EOUSA and DEA.  The first page of each request indicates, in part, as follows:

---

[3]  See Complaint, Exhibit A; Fulton v. United States, No. 03-11175, 131 Fed. Appx. 441, 2005 WL 113298 (May 13, 2005) (affirming Fulton's conviction); Fulton v. United States, Civil Action No. 5:04-CV-012-C, 2004 WL 1630234 (N.D. Tex. Jul. 20, 2004) (resolving Fulton's motion for return of property and noting government exhibit numbers as high as Exhibit 124).  The list (Exhibit A) has on it the letter "X" next to 14 exhibits and a single page purporting to come from an Affidavit with a box around a sentence relating to a "telephone voice message".  Complaint, Exhibit A.  An attachment to Fulton's FOIA Request to DEA (No. 05-0608-P) seeks copies of DEA drug lab results relating to "Ex's 53,54,55,57(DEA Lab #154287)58, 5,60-65,65a,67,68,75,76, and Ex. 131(DEA Lab #144908)" as well as "a copy of a phone call. . ." and "Lab results on the controlled substance purchased by Agent Stephen Thomas on January 10,2001 the total amount was 113.5 grams. . . ."  See Attachment 1 (DEA FOIA Request No. 05-0608-P) (The attached FOIA Requests have been redacted pursuant to Local Civ. Rule 5.4(f)).  Given that Exhibit A to the Complaint does not have an "X" next to government exhibits 61, 62, 63 or 64, it appears that Plaintiff is no longer seeking copies of any reports relating to these exhibits.  Defendants, however, ask for confirmation of this from Plaintiff.

[4]  Plaintiff's Exhibit D also suggests that his 2005 FOIA requests have been treated as limited to Drug Lab Results associated with these exhibits.  See Complaint, Exhibit D.

-3-

> This letter will serve as my request . . . for full disclosure and release of all records and/or data contained in the files of your agency, and specifically under my name and/or an identifier assigned to my name.

See Attachment 1 (DEA FOIA Request No. 05-0608-P); Attachment 2 (EOUSA FOIA Request No. 05-339).

The Complaint is vague as to what "the information" is to which Plaintiff claims an entitlement. Complaint, ¶ 11; see also Complaint, ¶ 1 (describing Exhibit A as "copies of requested information," but not verifying whether Exhibit A constitutes the complete universe of requested information and not verifying whether the requested information is limited to those items -- or reports related to those items -- marked with an "X").

In LaCedra, the FOIA requester had sought:

> a copy of all documents pertaining to my case that was prosecuted by your office. . . Specifically I am requesting the following below; Documents and Information on 1. Any and all inducements, and rewards offered to the chief government witnesses . . .
> 2. All scientific fingerprinting results from the inside of the black electrical tape. . .

LaCedra, 317 F.3d at 346. The Court of Appeals rejected the approach employed by EOUSA to treat such a request as one for the two specific items listed. Id. at 348 (rejecting EOUSA's interpretation "[i]n view of the Government's obligation under the law of this circuit 'to construe a FOIA request liberally'") (citing Nation Magazine v. United States Customs Service, 71 F.3d 885, 890 (D.C. Cir. 1995) and Maydak v. United States Department

-4-

of Justice, 218 F.3d 760 (D.C. Cir. 2000)).

Thus, particularly given the holding in LaCedra, Defendants cannot decipher what FOIA request Plaintiff intends to litigate in this action or what "information" he seeks.  If the request is for all documents related to Plaintiff, then significant search and review time will have to be expended on the numerous documents would have to be processed, and Plaintiff will be required to pay those search and copying fees.  See 28 C.F.R. § 16.11.  If, on the other hand, the request is limited to two or three DEA reports, then the request would be much more manageable, and might even be satisfied without any need for Plaintiff to pay fees.  See 28 C.F.R. § 16.11(d) (providing that certain search and review fees under a certain amount are not to be charged).

Given the specificity set forth in portions of Plaintiff's requests and Plaintiff's apparent decision not to pursue his 2004 FOIA request further, it seems logical that Plaintiff is not seeking all documents relating to him, but rather a subset of those documents.  See Attachment 1 at 4 ("I am specifically requesting copies of drug lab results. . ."); Attachment 2 at 3 ("Examples of specific requests: I am requesting lab results. . . The DEA Lab numbers are; 144908 . . . and . . . 154287. . . .").

Defendants' fear is that they will incorrectly interpret what records plaintiff now seeks, only later to find that more,

-5-

or less, is sought by Plaintiff.  See LaCedra v. Executive Office for United States Attorneys, 317 F.3d at 345-48.

> Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a).  Fed. R. Civ. P. 8(a), 12(e); Hodgson [v. Va. Baptist Hosp., 482 F.2d 821, 823 (4th Cir. 1973)] (stating that Rule 12(e) must be read in conjunction with Rule 8(a)).  Thus, "when a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement." Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986) (citing United States v. Employing Plasterers Ass'n, 347 U.S. 186 (1954)); *see also* Swierkiewicz [v. Sorema N.A., 534 U.S. 506, 514 (2002)] (recognizing that "[i]f a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)").
>
> \* \* \*
>
> [T]he court will grant relief pursuant to Rule 12(e) where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." Fed. R. Civ. P. 12(e); *see also* Ekberg v. Pennington, 2002 WL 1611641, at \*1 (E.D. La. July 19, 2002) (granting a Rule 12(e) motion where "the plaintiff's complaint pleads nothing but conclusions and provides no guidance to the defendants as to how to respond"); Bower v. Weisman, 639 F.Supp. 532, 538 (S.D.N.Y. 1986) (granting a Rule 12(e) motion because the plaintiff's claims lacked clarity and the defendant therefore could not effectively respond to the complaint); Saad v. Burns Int'l Sec. Servs., Inc., 456 F.Supp. 33, 36 (D.D.C. 1978) (Green, J.) (finding that mere allegations do not suffice to state a claim and ordering the plaintiff to file a more definite statement).

Hilska v. Jones, 217 F.R.D. 16, 21-22 (D.D.C. 2003).

Moreover, Rule 1 provides that the Federal Rules of Civil procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

Fed. R. Civ. P. 1.  In order to meet that goal, Defendants ask that, pursuant to Rule 12(e), Plaintiff required to identify what FOIA request(s) is (are) at issue in this action and specifically what documents are now sought.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court direct Plaintiff to provide a more definite statement, consistent with the above.  A proposed Order consistent with the foregoing motion is attached hereto.

                Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that service of the foregoing Defendants' Motion For A More Definite Statement, supporting memorandum and a proposed Order has been made by mailing copies thereof to:

Kendrick Fulton
FBOP 80080-177
FCC Forrest City
P.O. Box 3000 / B-1
Forrest City, AR  72335

on this 16th day of September, 2005.

_____
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7230