```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| KENDRICK FULTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Civil Action No. 05-1300 RMU |
| | ) |
| EXECUTIVE OFFICE FOR | ) |
|   U.S. ATTORNEYS, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants hereby move, pursuant to Fed. R. Civ. P. 6(b), 26 and 30(d), for a protective order, staying discovery in this action until after resolution of dispositive motions in the case. Plaintiff, a pro se prisoner, was not contacted to determine his position on this motion.[1] Should this motion be denied, Defendant alternatively asks for more time to respond to Plaintiff's discovery.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing counsel." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any nonprisoner pro se party)" to meet and confer prior to a scheduling conference. Local Civil Rule 16.3(a).

The Court is respectfully referred to the attached memorandum in support of this motion.

                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,                    )
                                    )
         Plaintiff,                 )
                                    )
    v.                              )  Civil Action No. 05-1300 RMU
                                    )
EXECUTIVE OFFICE FOR                )
   U.S. ATTORNEYS, et al.,          )
                                    )
         Defendants.                )
_____    )
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This Freedom of Information Act ("FOIA") action remains in its early stages. In order to assess what records Plaintiff is seeking in this litigation, Defendants have asked for a more definite statement. Plaintiff has responded, clarifying that his Complaint is addressed only to a more limited group of records than was described under a more broad reading of his FOIA requests. Meanwhile, on September 22, 2005, Plaintiff served discovery in the form of "Plaintiff's Requests For Admissions," which includes, among twenty-one requests, the following:

> 1) Ex. 53- Is definately [sic], and can only be "Crack Cocaine."
> 2) Ex's. 54,55- Residue came from "Crack Cocaine" only.
> 3) Ex. 57- Is definately [sic], and can only be "Crack Cocaine."
> 4) Ex's. 58,59- This exhibit is definately [sic] "Powder Cocaine."

See Attachment A at 1-2.

Because the attempt to take discovery is premature (and largely, if not totally, irrelevant) Defendants ask the Court for

an Order staying discovery.  Alternatively, should the motion be denied, Defendants ask for twenty days from resolution of this motion within which to respond to Plaintiff's discovery.

This Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c).  It is particularly appropriate to stay discovery pending the outcome of dispositive motions.  See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).  When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."  O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969).

Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970).  Moreover, discovery is generally significantly restricted in cases brought under FOIA.  See Public Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C.

1998) ("Discovery is to be sparingly granted in FOIA actions."), aff'd in part, rev'd in part, and remanded, 185 F.3d 898 (D.C. Cir. 1999); Weisberg v. United States Dep't of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); Butler v. Department of Treasury, No. 95-1931(GK), 1997 WL 138720, at *1, n.2 (D.D.C. Jan. 14, 1997) ("The Court sees no justification for granting discovery in this rather straight-forward FOIA case."); Code v. FBI, No. 95-1892 (RMU), 1997 WL 150070 at *8 (D.D.C. Mar. 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); Key v. Attorney General of U.S., No. 94-0916 (GK), 1994 WL 775443, at *3 (D.D.C. Dec. 23, 1994) ("Discovery in FOIA lawsuits, if available at all, is limited."). See also Local Civil Rule 16.3, Comment 16.3(b) ("We have included Freedom of Information Act actions to this list [of cases exempt from the discovery conference requirement] . . . because they are actions that typically do not require discovery. . . ").

Generally, discovery is limited to investigating the scope of an agency's search for responsive records, its indexing procedures, and other similar aspects of the agency's administrative FOIA process after the agency moves to dismiss the case and files an appropriate Vaughn Index. See, e.g., Safecard Services v. SEC, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991); Broaddrick v. Executive Office of President, 139 F. Supp. 2d 55, 64 (D.D.C. 2001) (FOIA plaintiffs are generally not entitled to

conduct discovery into the adequacy of an agency's search when the court is satisfied that the agency's affidavits are sufficient.).

Defendants anticipate filing a dispositive motion when the time for doing so comes.  In the meanwhile, Defendants ask that the Court stay all discovery.  Should Plaintiff be able to establish that discovery is appropriate upon review of the dispositive motion, the Court may reconsider the prospect of discovery.  But, failing such a showing, this action should proceed as most FOIA cases do, without discovery.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Motion For Protective Order, supporting memorandum and a proposed order has been made by mailing copies thereof to:

KENDRICK FULTON
FBOP 80080-177
FCC Forrest City
P.O. Box 3000 / B-1
Forrest City, AR  72335

on this 30th day of September, 2005.

_____
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230