IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 05-1300 RMU
)
EXECUTIVE OFFICE FOR )
    U.S. ATTORNEY, et.al, )
)
    Defendants. )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendants' in this case are seeking a Protective Order blocking Plaintiff's Request For Admissions, Defendants' state that "the attempt to take discovery is premature (and largely, if not totally irrelevant)," and ask for a stay of discovery (Memorandum Brief at pg. 1). Futhermore, should the Defenants' motion be denied, Defendants' are seeking twenty more days to respond to Plaintiff's discovery request (Brief at 2). Plaintiff asserts that this is another attempt by the Defendants' to not comply with Plaintiff's request(s), and that discovery in this matter is relevant in that the basis of Plaintiff's suit is becase of the Defendant's non-compliance with his request of the FOIA.

    I. Motions for Protective Order

        A. Legal Standards

Federal Rule of Civil Procedure ("Rule") 26(c) provides:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court .. may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

1

"'Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.'" *Tavoulareas v. Washington Post*, 111 F.R.D. 653, 661 (D.D.C. 1986) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984)). To show good cause for entry of a protective order, "the movant must articulate specific facts to support its request and cannot rely on speculative or conclusory statements . . . ." *Low v. Whitman*, 207 F.R.D. 9, 10-11 (D.D.C. 2002) (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (citations omitted)). In addition, "district courts assessing the existence of good cause must exercise their discretion in light of the relevant facts and circumstances of a particular case." *Tavoulareas*, 111 F.R.D. at 658 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).

In the instant case, the Defendants' only speculate that Plaintiff's discovey request are "largely, if not totally, irrelevent." The defendants' do not allege that the order would protect them from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." The Defendants' concede by admission, that they can comply with the motion, but only if it should be denied. There is no stipultion by the government that Plaintiff is not entitled to discovery, but only that discovery is "irrelevant." Plaintiff's request for discovery are clearly relevant to the claim that he has asserted in his suit. It bears emphasis that a party is only entitled to discovery of information relevant to the claims or defenses asserted in the case. Fed. R. Civ. P. 26(b)(1).

As stated, the entire purpose of Plaintiff's suit is based on the fact the Defendants' are in violation of the time requirements of the Freedom of Information Act. Plaintiff's request are for drug laboratory results for the purposes of determining what the substance actually was that was offered in his criminal trial, and to find out if in fact a "voice message" exist(s), or exist(ed) that was used to obtain Plaintiff's phone number to subsequently obtain an order to intercept. Based on the

Defendant's failure to timely comply, Plaintiff believes that the substances were not what they were alleged to be at his trial, and that no such "voice message" exist(ed), or exist(s) that the government stated to a Federal Judge in order to intercept Plaintiff's calls.

Plaintiff asserts that discovery is appropriate in being that the requests are relevant to Plaintiff's claims. The Defendant's by their own admission can comply with Plaintiff's request, and appear to only be seeking this protective order in another attempt to delay turning over requested documents. As a result of this suit the Defendant, the DEA has since notified Plaintiff that (12) documents are now ready to be released to Plaintiff. The fee for these (12) documents are $605.00, this is quite excessive and Plaintiff has since sought a fee waiver. Furthermore, the DEA has said that until the fee is paid for the (12) documents no other research will be done in order for the Plaintiff know whether or not such a "voice message" exists. Discovery will be the best way to discover if the "voice message exists.

Based on the foregoing, Plaintiff prays that this Honorable Court will DENY Defendants' Protective Order, and ORDER the DEFENDANT'S to respond to Plaintiff's Request For Admissions.

                                                Respectfully submitted,

                                                **KENDRICK J. FULTON**
                                                (In Proper Person)
                                                FBOP # 30080-177
                                                FCC-Forrest City (Med.)
                                                PO Box 3000/B-1
                                                Forrest City, AR 72335

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Plaintiff's Requests For Admissions has been made by mailing copies thereof to:

| W. Mark Nebeker | R. Craig Lawrence | Kenneth L Wainstein |
|---|---|---|
| AUSA | AUSA | AUSA |
| Civil Division | Civil Division | Civil Division |
| 555 4th Street, NW | 555 4th Street, NW | 555 4th Street, NW |
| Washington, DC 20530 | Washington, DC 20530 | Washington, DC 20530 |

KENDRICK J. FULTON

DATE: October 11, 2005