UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENDRICK JERMAINE FULTON,
    Plaintiff,
v.                                                  Civil No. 05-1300 RMU

EXECUTIVE OFFICE FOR
U.S. ATTORNEYS, et. al,
    Defendants

## MOTION FOR PARTIAL SUMMARY JUDGEMENT

Plaintiff seeks an order from this Court under FOIA requiring the defendants to disclose a copy of lab results done on controlled substances in his criminal case, and a copy of a recorded phone call described in a wiretap affidavit, also used in Plaintiff's criminal case, where the agent appears to inform the issuing court as to how Plaintiff's new phone number (the target phone) was obtianed. Defendants have not released the requested records in the time allowed under the FOIA, and therefore, the Defendants are in violation of the Act. Plaintiff moves this Court for partial summary judgment on the grounds that there are no material facts in dispute, and asserts that he is entitled to judgement in his favor as a matter of law. Fed. R. Civ. P. 56.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e).

1

The Supreme Court set forth the governing standards for issuance of summary judgment in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In <u>Celotex</u>, the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ. Proc. 1....
>
> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Id. at 327. (citation omitted).

The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Celotex</u> at 323. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. <u>Harding v. Gray</u>, 9 F.3d 150, 154 (D.C. Cir. 1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the evidence is such

2

that a reasonable jury could return a verdict for the nonmoving party." Laningham v. U.S. Navy, 259 U.S. App. D.C. 115, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (per curiam) (citing Anderson, supra).

## MATERIAL FACTS NOT IN DISPUTE

1. None of Plaintiff's requests are exempt under FOIA.

2. The time allowed to process requests under FOIA has expired, without the Defendants completing Plaintiff's requests.

3. Defendants have not answered Plainitiff's Request For Admissions, nor provided Plaintiff with a complete copy of the lab results that identify what exactly the controlled substances tested are.

4. In regards to the November 15, 2001, Voice Message submitted in the February 2002 wiretap affidavit, Defendants also have not answered Plaintiff's Request For Admissions, nor specifically denied or conceded that a record of the "Voice Message" exists.

Based on the foregoing argument and authorities, Plaintiff prays that this Honorable Court would grant the Partial Motion for Summary Judgement, Order Defendants to either deny or concede that the sought documents do exist, in the event the sought documents exist, Plaintiff asks that this Honorable Court would order that Defendants make the documents available as soon as possible, or grant any other relief that this Court deems fair.

Respectfully submitted,

KENDRICK J. FULTON
FBOP#30080-177
FCC-Forrest City (Med.)
PO Box 3000/B-1
Forrest City, AR 72335

3

## CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing Motion For Partial Summary Judgement has been made by mailing copies thereof to:

| | | |
|---|---|---|
| W. Mark Nebeker<br>AUSA<br>Civil Division<br>555 4th Street, NW<br>Washington, DC 20530 | R. Craig Lawrence<br>AUSA<br>Civil Division<br>555 4th Street, NW<br>Washington, DC 20530 | Kenneth L. Wainstein<br>AUSA<br>Civil Division<br>555 4th Street, NW<br>Washington, DC 20530 |

DATE: December 23, 2005

                                        KENDRICK J. FULTON

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENDRICK JERMAINE FULTON,
    Plaintiff,

v.                                                  Civil No. 05-1300 RMU

**EXECUTIVE OFFICE FOR**
**U.S. ATTORNEYS**, et. al,
    Defendants

### DECLARATION OF KENDRICK JERMAINE FULTON

I, KENDRICK JERMAINE FULTON, after being duly sworn and under oath hereby depose, and state the following:

1. I have properly made requests to the proper agencies requesting records pertaining to myself under the Freedom of Information Act(FOIA).

2. None of my requests are exempt under the FOIA, and I am fully entitled to copies of the documents sought.

3. The Defendants in this matter have not answered the Request For Admissions, in the Reqeust For Admissions I have clearly asked the Defendants to either say "Yes", or "No" regarding the controlled substances, whether or not they "can only be" "Crack Cocaine."

4. I have specifically asks the Defendants if they have a "Voice Message," in the Request For Admissions, and to aswere either "Yes," or "No." Defendants have failed to answer.

5. I am seeking partial summary judgement in my favor, and requesting that this Court order the Defendants to either concede, or deny if records to the sought documents exist. In the alternative, if in fact the records do exist, I ask that this Court order Defendants to make them available at a reasonable fee.

    I declard under penalty of perjury that the afformentioned is true and correct, according to my current knowledge and belief. Further declarant sayeth naught.

1

Executed this day the 23rd of December, 2005.

Respectfully submitted,

KENDRICK J. FULTON
FBOP#30080-177
FCC-Forrest City (Med.)
PO Box 3000/B-1
Forrest City, AR 72335

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Declaration of Kendrick Jermaine Fulton has been made by mailing copies thereof to:

| | | |
|---|---|---|
| W. Mark Nebeker | R. Craig Lawrence | Kenneth L. Wainstein |
| AUSA | AUSA | AUSA |
| Civil Division | Civil Division | Civil Division |
| 555 4th Street, NW | 555 4th Street, NW | 555 4th Street, NW |
| Washington, DC 20530 | Washington, DC 20530 | Washington, DC 20530 |

DATE: December 23, 2005

KENDRICK J. FULTON

2