# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

KENDRICK J. FULTON )
)
Plaintiff )
)
v. )
)  Case No. 05-1300 RMU
)
EXECUTIVE OFFICE FOR U.S. ATTORNEYS, )
et al., )
Defendant )

## DECLARATION OF ADELE H. ODEGARD

In accordance with the provisions of 28 U.S.C. § 1746, I, ADELE H. ODEGARD, make the following declaration, under penalty of perjury, relating to the above-captioned case.

1. I am presently employed with the U.S. Department of Justice as a Senior Attorney in the Office of Chief Counsel, Drug Enforcement Administration (DEA), Administrative Law Section. I have been employed in this capacity from March 2003 to the present. As part of the normal course of my duties, I provide general legal support for the staff at the Headquarters, DEA. Among the staff sections that I support is the Freedom of Information/Privacy Operations Unit, Records Management Section, Office of Administration (known within the DEA headquarters as SARO). I also provide support to assigned Assistant United States Attorneys in Freedom of Information Act (FOIA) litigation cases. To date, I have served as the Agency representative in approximately 20 FOIA litigation cases.

2. In the normal course of my duties I have access to records maintained by the DEA in the

ordinary course of business. Included among these records are records maintained in the DEA's Investigative Reporting and Filing System, as well as other records compiled for law enforcement purposes. I also have access to the records maintained by SARO reflecting its processing of requests for records made pursuant to the FOIA.

3. I am familiar with the procedures followed by the DEA, and specifically SARO, in responding to the Freedom of Information Act (FOIA)/Privacy Act(PA) requests made by individuals such as the Plaintiff, Kendrick J. Fulton. The statements I make hereinafter are made on the basis of my review of the records maintained by the DEA, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

## PROCESSING OF Plaintiff'S FOIA REQUEST TO DEA

4. I have reviewed the Complaint filed by the Plaintiff in the above-captioned case. The following facts are relevant to this action.

5. The Plaintiff submitted a written Freedom of Information Act request, dated February 26, 2005, to the DEA's FOI Operations Unit. His request stated that the Plaintiff agreed "to pay any reasonable costs, or file IN FORMA PAUPERIS" if indigent, for search and copying of the material requested.

6. In his FOIA request, the Plaintiff sought "copies of drug lab results" done in connection with his criminal case. He enclosed a copy of the "exhibit list", presumably from his criminal trial. The Plaintiff also requested a "copy of a phone call" referred to in an affidavit. The Plaintiff provided a copy of the relevant pages of the affidavit. Lastly, he requested "lab results on the controlled substance" purchased by a named agent on a specific date. A copy of the Plaintiff's

2

full FOIA request is at Exhibit 1, attached to this Declaration. The exhibits for which the Plaintiff requested lab results were the following: 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 65a, 66, 67, 68, 75, 76, 131.

7. On March 15, 2005, the Chief, Operations Unit, FOI/Records Management Section (SARO) sent the Plaintiff a letter to the address the Plaintiff had provided in his FOIA request. This letter assigned the number 05-0608 to the Plaintiff's FOIA request and advised him that the DEA had received his request and placed it on a list of requests awaiting processing in order of receipt. The letter also advised the Plaintiff that upon completion of processing he would be notified of all applicable fees, and payment would be required prior to release of any records. A copy of the SARO Chief's letter to the Plaintiff is at Exhibit 2.

8. On June 30, 2005 the SARO Chief sent the Plaintiff a letter to the address that he had used in his FOIA request. This letter advised the Plaintiff that SARO had received his letter of June 14, informed the Plaintiff that "our office is undergoing a computer transition," and apologized for any delay. The SARO's letter informed the Plaintiff that DEA had adopted a "first-in, first-out" practice for processing FOIA requests, and cited Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976). Lastly, the letter told the Plaintiff that SARO was awaiting a response from the field component in Lubbock, Texas, for any responsive records relating to the Plaintiff's request. A copy of the SARO Chief's letter to the Plaintiff dated June 30, 2005 is at Exhibit 3.

9. The Drug Enforcement Administration (DEA) is a federal law enforcement agency. It maintains investigative records. It normally does not maintain records relating to the prosecution

of a criminal case. Moreover, the DEA's investigative records are filed under a "case number," rather than by the name of an individual. One investigative record can (and usually does) contain investigative information pertaining to multiple individuals. There are automated indexes to the investigative records; however, these indexes will point only to those persons who are named in the particular document indexed. If an individual is not named in a specific document, then a page by page search of the entire investigative record is necessary to find a document.

10. The manner in which the Plaintiff framed his FOIA request presented unusual difficulties for the DEA personnel responsible for conducting a search of responsive records. The Plaintiff identified documents based only on the "exhibit numbers" that were used at his trial. Coordination with the Office of the United States Attorney in the District in which the Plaintiff was tried was required, in order to tie the "exhibit numbers" to specific items seized as evidence.

11. After establishing a correlation between trial "exhibit numbers" and specific items seized, then DEA personnel needed to conduct a page by page search of the investigative record to correlate the seized items with specific records of laboratory tests (DEA Form 7) contained in the investigative record. The automated indexes were helpful in pointing out the case numbers of investigative records containing documents in which the Plaintiff was identified by name. However, page by page searches of these investigative records were necessary to identify documents that may have been responsive to the Plaintiff's FOIA request.

12. From June 2005 to August 2005 a DEA agent in Texas assisted SARO personnel in identifying responsive records. He used the DEA's automated indexes to determine which investigative records contained documents relating to the Plaintiff. He personally coordinated

4

with an Assistant United States Attorney (AUSA). This agent also worked to identify which specific documents maintained by the DEA may be responsive to the Plaintiff's request, based on the identifying information that the Plaintiff provided in his FOIA request, as correlated with the trial records that the AUSA maintained.

13.  The DEA agent has reported that he expended approximately 24 hours in search on this FOIA request. Additionally, the SARO's records reflect that a FOIA specialist has expended one hour in search; and a supervisory FOIA specialist has expended five hours in directing and coordinating the search for responsive documents on the Plaintiff's FOIA request. I also spent one half hour meeting with SARO personnel in which we reviewed search strategies to ensure that the DEA's searches in this case were reasonably likely to retrieve responsive documents.

14.  On September 22, 2005, the SARO Chief sent the Plaintiff a letter advising him that 12 documents have been located. These documents relate to most (but not all) of the items that the Plaintiff requested. The SARO Chief's letter advised the Plaintiff that the documents would not be processed for release until he paid the amount due to the DEA for the costs expended in the search, which was $605.50. The SARO Chief's letter also advised the Plaintiff to state whether he wished DEA to continue to search for the remaining item (which was the record of the telephone conversation); however, if the Plaintiff indicated he wished the search to continue, DEA would construe his request as a firm promise to pay. A copy of this letter is at Exhibit 4.

15.  Even though the DEA agent reported that he expended approximately 24 hours in search, and SARO personnel documented a total of six (6) hours in search, and I personally spent one half hour working on search issues, DEA's SARO billed the Plaintiff for only 20 hours of search

time.   In its analysis the SARO applied the mandate of 28 C.F.R. § 16.11(d)(3) [first two hours of search free], and in fact credited the Plaintiff with several additional free hours of search. SARO also applied the two free hours to the higher search rate of $10.25 per quarter hour for managerial personnel.  SARO's letter shows that SARO computed the fees due as 3.5 hours at $10.25 per quarter hour [$143.50] plus 16.5 hours at $7.00 per quarter hour [$462.00].  The rates SARO used are the rates set out in 28 C.F.R. § 16.11(c)(1)(ii).

16.  On October 12, 2005 the Plaintiff responded to the SARO chief's letter.  In his response, he stated that he sought a waiver of fees pursuant to 28 C.F.R. § 16.11(k)(2)(I)-(iv).  He also stated that the quoted price was "quite excessive for (12) documents."  A copy of his letter is attached at Exhibit 5.

17.  On November 4, 2005 the SARO chief responded to the Plaintiff's letter of October 12.  She construed his letter as a disputed fee matter and as a request for fee waiver.  She denied his requests on both issues.  As to the fee matter, the SARO chief's letter discussed in detail the time spent on the Plaintiff's FOIA request and noted that the quoted fee of $605.50 did not include more than 10 hours of time expended that was not charged to him.  As to the request for fee waiver, the SARO chief concluded that the Plaintiff did not meet the standards set out in 28 C.F.R. § 16.11 for a waiver of fees.  She informed the Plaintiff of his right to appeal both her determinations to the OIP.  A copy of the SARO Chief's letter is at Exhibit 6.

18.  The Plaintiff has not appealed the SARO Chief's determinations on these fee matters to the OIP.

## PROCESSING OF DOCUMENTS EOUSA REFERRED TO THE DEA

19. DEA records reflect that in November 2004 the Plaintiff made a FOIA request to "Tanya K. Pierce, AUSA" in Lubbock, Texas. In his request, the Plaintiff states that he was "seeking copies of all lab results done" in the criminal case in which he was prosecuted, and he provided two DEA lab numbers[1]. DEA records also reflect that on March 24, 2005 the Executive Office for U.S. Attorneys (EOUSA) sent the DEA a referral notice, enclosing three (3) pages of DEA documents it had located which were responsive to the Plaintiff's request. This notice was received at the DEA on April 6, 2005. Copies of the Plaintiff's FOIA request to Assistant United States Attorney Pierce and the EOUSA referral notice to the DEA are attached as Exhibit 7.

20. The DEA is a law enforcement agency and is a component of the United States Department of Justice. All three pages that EOUSA identified as responsive to the Plaintiff's request consist of investigatory data compiled for law enforcement purposes. As a Federal law enforcement agency, DEA is responsible for enforcement of Federal drug laws, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C § 801 et seq. The records in the Investigative Record and Filing System (IRFS), the System of Records which contains the documents EOUSA identified as responsive to the Plaintiff's FOIA request, have been exempted from the access provisions of the Privacy Act, pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.98 (2004).

21. On June 13, 2005 the DEA's Chief, SARO sent the Plaintiff a notice advising him that DEA had received the referral documents from EOUSA for processing, and assigning number

---

[1] Note that the Plaintiff did not include DEA lab numbers on his FOIA request to the DEA. See paragraph 6 above.

05-0955-P to the Plaintiff's request. The SARO Chief's letter advised the Plaintiff that the referral would be processed in order of receipt. This letter is attached as Exhibit 8.

22. On September 14, 2005 the DEA released to the Plaintiff the three pages that had been referred by EOUSA. Redactions were made on the pages pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(F), and section (j)(2) of the Privacy Act, 5 U.S.C. § 552a(j)(2). A copy of the DEA's release letter is attached at Exhibit 9. The envelope enclosing the released documents was returned to the DEA, because the Plaintiff was no longer at the address to which DEA sent the documents. DEA then re-sent the documents on October 18, 2005, with an explanatory cover letter to the Plaintiff. This letter is at Exhibit 10. Descriptions of the documents, and the redactions made, appear below in the next Section of this Declaration.

23. On October 24, the Plaintiff wrote to DEA acknowledging receipt of the three pages of documents. He stated, however, that the release was "incomplete", as it did not include other documents such as the spectrographs which accompanied the laboratory tests. His letter also stated that he would appeal to OIP. Copies of his letter, and his "appeal" to OIP, are attached at Exhibit 11.

24 On November 22, 2005, the SARO chief responded to the Plaintiff's letter of October 24. Her letter reminded the Plaintiff that the documents which had been released to him were documents that the EOUSA had referred to the DEA. If the other documents he sought did in fact exist, the EOUSA did not refer them to the DEA. The SARO Chief then stated that she would construe the Plaintiff's letter of October 24 as a new FOIA request and would handle it accordingly. She also enclosed a standard acknowledgment letter which informed the Plaintiff of

8

the receipt of the request, assigned it request number 06-0138-P, and advised that it would be handled in approximate order of receipt. These two letters are attached at Exhibit 12.

25. On January 26, 2006, the OIP affirmed the DEA's action, noting that the DEA's action "was limited only to those records that the EOUSA referred to it." A copy of the OIP's release letter is at Exhibit 13.

26. On January 26, 2006, the DEA SARO released 29 pages of documents to the Plaintiff in response to his FOIA request 06-0138-P. A copy of the SARO release letter is at Exhibit 14.

## DESCRIPTION OF REFERRED DOCUMENTS RELEASED PURSUANT TO EOUSA REFERRAL.

27. The three documents at issue in the EOUSA referral to the DEA are all DEA Form 7. The DEA Form 7 is titled "Report of Drug Property Collected." This form is used to record drug property collected, purchased or seized during the course of an investigation. The top portion of the form contains information for filing purposes: file number, program code, G-Dep Identifier, File Title. It also contains information specific to the property seized: date and place obtained, alleged drug, marks or labels, approximate gross quantity, etc. There is a narrative section, titled "Remarks." At the end of the narrative section are signature blocks for the special agent who submitted the information, and an approving official. The middle portion of the form functions as a receipt for the evidence laboratory. It contains information about the date the laboratory received the property, and the names of the persons who sent and received the property. The bottom portion of the form functions as a laboratory report. It contains a narrative section, titled "Analysis summary and remarks." There are also blocks for denoting the analysis of different

9

items of property, in the event that several items of drug property are contained on the single form. This portion of the form also contains signature blocks for the analyst and for the approving official.

28. As noted above, the three documents released to the Plaintiff contained redactions. The information withheld consisted of the following: In the top section of the DEA Form 7: in block 3, the G-DEP identifier; in block 5, the file title; in block 16 ("remarks"), references to third parties (DEA personnel, Task Force personnel, or other individuals) and the address of a non-law enforcement third party. In the middle section of the DEA Form 7, names and titles of DEA personnel. In the bottom portion of the DEA Form 7, initials, names and titles of DEA personnel.[2]

29. The first DEA Form 7 pertains to a substance purchased from the Plaintiff in Amarillo, Texas on January 26, 2001. The second DEA Form 7 pertains to three items seized in Dallas, Texas on May 24, 2001. The third DEA Form 7 pertains to an item seized in Amarillo, Texas on March 14, 2002, pursuant to a state search warrant. When the DEA released these documents to the Plaintiff, it did not withhold any information relating to the nature of the drug property seized or the laboratory analytical results. The information released to the Plaintiff contained all the substantive information pertaining to the seizure of the drugs (except for information about third parties) that appeared on the forms. This included the amount of the drugs, and the drugs' concentration and purity.

_____

[2]See the next Section of this Declaration for a discussion of segregable releasable information pertaining to these documents.

# EXPLANATION FOR REDACTIONS IN DOCUMENTS REFERRED FROM EOUSA

## (b)(7)(F): Safety of Law Enforcement Personnel and Other Third Parties

30.  In every responsive document, the identities of DEA Special Agents, supervisory DEA Special Agents, local law enforcement officers and other DEA personnel have been withheld in accordance with 5 U.S.C. § 552 (b)(7)(F), which sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of any individual.

31.  DEA Special Agents, as well as members of other law enforcement entities, are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations. Special Agents routinely approach and associate with violators in a covert capacity. Many of those violators are armed and many have known violent tendencies. It has been the experience of DEA that the release of Special Agents' identities has, in the past, resulted in several instances of physical attacks, threats, harassment and attempted murder of undercover and other DEA Special Agents.

32.  In this case, a local law enforcement officer also was involved in the investigation of alleged drug crimes (as a member of a DEA task force), and the name of this officer appears in one of the documents that are responsive to the Plaintiff's FOIA requests. This officer's name was also withheld. It may be reasonably anticipated that local law enforcement officers would become targets of similar threats or abuse if they were identified as participants in DEA's enforcement operations.

33.  Similarly, the names of DEA laboratory personnel also were withheld. These persons'

11

names appear in these documents because their official duties involved the processing of information or evidence related to a criminal law enforcement investigation. Their positions are sensitive because these persons have routine access to investigative information and are knowledgeable about law enforcement techniques and procedures. Releasing their identities as a result of a FOIA request or litigation could subject them to potential harassment, including inappropriate requests for access to information, which could endanger their physical safety.

34. Release of the names of DEA special agents and other law enforcement personnel pursuant to a FOIA request serves as the release of the names of these persons into the public realm. The DEA considers it to be within the public interest not to disclose the identity of these persons, so that they may continue to pursue effectively their professional responsibilities, which always include law enforcement duties and can include undercover and investigatory assignments. These assignments are a necessary element in support of DEA's objective -- the suppression of the illicit traffic of narcotic and dangerous drugs. Public disclosure of the identities of law enforcement professionals would have a detrimental effect on the successful operation of DEA, as well as risk harassment and danger to its agents and other law enforcement personnel.

## (b)(7)(C): Invasion of Personal Privacy

35. Identifying information pertaining to third parties was redacted. One of the three DEA Form 7s at issue here contains the name and the home address (number and street) of a third party, not the Plaintiff. The other redactions consist of the "file titles," which in this instance are the names of third parties (persons not the Plaintiff).

36. Title 5 U.S.C. § 552 (b)(7)(C) sets forth an exemption for records or information compiled

for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The investigative records that contained the DEA Form 7s responsive to the Plaintiff's FOIA requests have third parties, not the Plaintiff, as their subjects. In part because the Plaintiff is not the subject of the investigative records, all of the documents in these records contain names or addresses or other identifying information which would reveal the identity of and disclose personal information about persons other than the Plaintiff.

37. When withholding information pursuant to exemption (b)(7)(C), DEA balances the privacy interests of the individuals mentioned in the responsive information against any public interest in disclosure. In asserting this exemption, each piece of information is examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appears in the documents at issue. In general, the fact that an individual's name and/or home address appears in the record of a DEA investigation involving alleged trafficking in illegal or controlled substances is itself a very sensitive matter, and has the potential to cause an individual great embarrassment or subject him/her to public ridicule or suspicion. The public interest in disclosure of the information is determined by whether the information in question would inform the general public (which includes the Plaintiff) about DEA's performance of its mission to enforce federal criminal and Controlled Substance Act statutes and/or how DEA conducts its internal operations and investigations.

38. In this case, there is no legitimate public interest in the information about third parties withheld under exemption (b)(7)(C). An individual's interest in maintaining his own privacy is primarily his own. This is the basis for the Department of Justice practice set forth in 28 C.F.R.

§ 16.3(a) encouraging FOIA requesters who seek information about a third party to provide a signed authorization. If the individual to whom the Agency's records pertain consent to the records' release, then the Agency need not assert his personal privacy interests on his or her behalf. If an individual has died, his or her right of privacy in government records pertaining to him or her is diminished. The disclosure/withholding balance in such cases must take into consideration the lessened individual privacy interests at stake. The Plaintiff has not submitted notarized authorizations for anyone other than himself. Nor has he provided proof of death regarding any individual. Therefore, release of any information about a third party would likely constitute an unwarranted invasion of that third party's personal privacy.

39. The identities of law enforcement officials and government employees (including DEA Special Agents, a DEA laboratory chief, a DEA chemist, and a local law enforcement officer), also were withheld from every document, pursuant to FOIA exemption (b)(7)(C). Releasing their identities would place each of these persons in such a position that they may suffer undue invasions of privacy or harassment from disclosure of their identities in a criminal law enforcement investigatory file. These persons were assigned to handle tasks relating to the official investigation into the criminal activities of the Plaintiff and/or third parties. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. There is no public interest to be served by releasing the identities of DEA Agents, other DEA employees, or local law enforcement officials from the investigative documents at issue here.

## (b)(2): Internal Agency Rules and Practices

14

40. The FOIA, 5 U.S.C. § 552 (b)(2) exempts from disclosure information relating to the internal rules and practices of any agency. Pursuant to DEA rules and practices as indicated in the DEA Agents Manual, the three documents at issue here contain G-DEP codes. The G-DEP codes are part of DEA's internal system of identifying information. G-DEP (Geographical Drug Enforcement Program) codes are assigned to all DEA cases at the time the case file is opened. The codes indicate the classification of the violator, the types and amount of suspected drugs involved, the priority of the investigation, and the suspected location and scope of criminal activity.

41. The release of the G-DEP codes would help identify the priority given to narcotic investigations, types of criminal activities involved, and violator ratings. Release could enable drug traffickers or other criminals to decode this information and change their pattern of drug trafficking in an effort to respond to what they determined DEA knows about them, to avoid detection and apprehension, or to create alibis for suspected activities. There is no public interest in the disclosure of these codes; conversely, release of the codes could compromise the DEA's ability to combat drug trafficking by revealing information that could be of value to potential drug traffickers.

## RELEASE OF SEGREGABLE INFORMATION

42. As stated in paragraph 22, above, the U.S. Postal Service returned the DEA's letter, dated September 14, 2005, containing the three pages of documents released to the Plaintiff pursuant to the EOUSA's referral. The DEA's letter was returned to DEA at about the same time that I was reviewing the processing of the Plaintiff's FOIA request in connection with the Plaintiff's

15

instant Complaint. I noted that dates that DEA officials had signed the DEA Forms 7 had been withheld; also withheld were the locations of the laboratories that were involved in the processing of the drugs (block 39 on the Form). These items could reasonably have been segregated from other information that was withheld. I requested that SARO personnel reprocess the three DEA Form 7s, so that the dates and laboratory locations could be released. This was done. I have reviewed all three pages and I am satisfied that all reasonably segregable and releasable information now has been segregated so that it can be released. The only information that has been withheld on these forms relates to the G-DEP identifier, to the names of third parties (DEA personnel, a local law enforcement officer, and other third parties), and the home address of a third party.

43. As noted in paragraph 22 above, on October 18, 2005 the DEA sent a new letter to the Plaintiff enclosing the three (3) pages of documents that it had received upon referral from EOUSA, reprocessed as described in the paragraph above.

44. I am satisfied that, with the dispatch of the October 18, 2005 letter to the Plaintiff, these three documents were to determine if any non-exempt information could be released, and the DEA has released all non-exempt information to the Plaintiff.

This DECLARATION consists of 16 numbered pages, including this signature page, and 44 numbered paragraphs.

I affirm that the information provided is true, complete, and correct. See 28 U.S.C. § 1746.

*Jan 30, 2006*

Date

*Adele H. Odegard.*

ADELE H. ODEGARD

16

# EXHIBIT  1

AGENCIES:　　　　*DEA FOI/PA*

( 　) United States Parole Commission
(　 ) Federal Bureau of Investigation
(　 ) Immigration & Naturalization service
( 　) Internal Revenue Service
( 　) United States Attorney
( 　) Treasury Department
( 　) Bureau of Prisons
( 　) State Agency
( x ) Other:　　　DEA

DIRECT RESPONSE TO:

Name: Kendrick J. Fulton

Reg. No.. 30080-177

Unit:　　　　B-1

Date:　　2/26/05

TO:
　　DEA
　　FOI Operations Unit
　　DOJ
　　700 Army Navy Dr.
　　Arlington, VA 22202

IDENTIFICATION OF REQUESTER:
NAME: Kendrick J. Fulton
ALIAS:
DATE OF BIRTH:
PLACE OF BIRTH:　　　Houston, TX
F.B.I. NO:
SOC. SEC. NO:
OTHER:

RE:　　FREEDOM OF INFORMATION ACT
( U.S.C. 552), PRIVACY ACT
(5 U.S.C. 552a (d) (1)) Request:
EXEMPTIONS (5 U.S.C. 552 (6) (C)
(B) (7)), GENERAL ( U.S.C. 552 A
(J) (2)) OR SPECIFIC ( U.S.C.
552 a (k) (2)) NOT APPLICABLE TO
THIS REQUEST.



Right Thumb　　　　Right Index

RT　　　　　　RI

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton, v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F.2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. .58, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific

It is further requested that your agency in response to the material requested specifically inform me if and of whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute .5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 1116 (CA3 1975). Chastain v. Kelly, 510 F. 2d. 1232 I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should my delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

Ken Titter

Dated:: 2-26-05

(3)

U.S. Department of Justice

# Certification of Identity



Privacy Act Statement. In accordance with 28 CFR Section 16.4(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed to the Department's failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20530.

Full Name of Requester [1] ___Kendrick J. Fulton___

Current Address ___PO Box 3000 1B-1___

Date of Birth ___████████████___

Place of Birth ___Houston, TX___

Social Security Number [2] ___████████████___

I declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] ___Kn Fulta___   Date ___2-26-05___

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

FORM DOJ-361
FEB. 95

I am specifically requesting copies of drug lab results done in criminal case No. 5:02-CR-094-C in the NOrthern District of Texas, Lubbock DIvision.  Enclosed is a copy of the exhibit list from which I seek copies of controlled substances lab results.

They are as follows: Ex's 53,54,55,57(DEA Lab #154287)58,59,60-65, 65a,67,68,75,76, and Ex. 131(DEA LAB Number 144908)XG Also I would like a copy of a phone call that this agency is in possession of as sworn to by Agent Stephen C. Thomas of the Lubbock Division in a2002 wiretap affidavit that I had directed my calls to a number that was the target of a wire intercept on or about November 15,2001. (See copy of affidavit page 19 paragraph #30)

The wiretap affidavit wa from WI No. 02-01 in the NDTX signed by Hon. Mary Lou Robinson on FEbruary 14,2002. I also would like the Lab results on the controlled substance purchased by Agent Stephen Thomas on January 10,2001 the total amount was 113.5 grams(see attachment

| | | | |
|---|---|---|---|
| 52 | Address book with glass pipe and assorted papers seized from 1604 N. Washington on 03/14/02 | | |
| 53 | Rock of Cocaine Base (Crack Cocaine) seized from 1604 N. Washington on 03/14/02 | | |
| 54 | Pyrex measuring cup with Cocaine residue seized from 1604 N. Washington on 03/14/02 | | |
| 55 | Toyo digital scales with Cocaine residue seized from 1604 N. Washington on 03/14/02 | | |
| 56a | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56b | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56c | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56d | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56e | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56f | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56g | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56h | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56i | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56j | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |
| 56k | Photograph taken during 03/14/02 search warrant at 1811 Avondale | | |

| | | | |
|---|---|---|---|
| 57 | 172.3 grams of Cocaine Base (Crack Cocaine) and 3 baggies seized from 1811 Avondale on 03/14/02 | | |
| 58 | Tanita scales with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 59 | O'haus scales with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 60 | Two quart glass measuring cup seized from 1811 Avondale on 03/14/02 | | |
| 61 | Two quart glass measuring cup with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 62 | Two quart glass measuring cup with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 63 | One quart glass measuring cup with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 64 | One quart glass measuring cup seized from 1811 Avondale on 03/14/02 | | |
| 65 | One cup glass measuring cup with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 65a | One quart glass measuring cup with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 66 | Wire whisk with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 67 | Wire whisk with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |
| 68 | Plastic strainer with Cocaine residue seized from 1811 Avondale on 03/14/02 | | |

| 69 | Notebook paper with "Bezzy" and a telephone number written on it seized from 1811 Avondale on 03/14/02 | | |
|---|---|---|---|
| 70 | Two photographs seized from 1811 Avondale on 03/14/02 | | |
| 71 | One photograph seized from 1811 Avondale on 03/14/02 | | |
| 72 | Box of Glad sandwich bags seized from 1811 Avondale on 03/14/02 | | |
| 73 | Box of Albertson sandwich bags seized from 1811 Avondale on 03/14/02 | | |
| 74a | Photograph taken during 03/14/02 search warrant at 1812 Poplar | | |
| 74b | Photograph taken during 03/14/02 search warrant at 1812 Poplar | | |
| 74c | Photograph taken during 03/14/02 search warrant at 1812 Poplar | | |
| 75 | One quart glass measuring cup with Cocaine residue seized from 1812 Poplar on 03/14/02 | | |
| 76 | Set of scales seized from 1812 Poplar on 03/14/02 | | |
| 77 | Application and trade confirmation from Joseph Stevens & Company seized from 1812 Poplar on 03/14/02 | | |
| 78 | Three U.S. Postal Service money order customer receipts & a U.S. Postal Serivce cash register receipt seized from 1812 Poplar on 03/14/02 | | |
| 79 | Empty envelope postmarked February 16, 2002 from Demetra Underwood to Ken Fulton seized from 1812 Poplar on 03/14/02 | | |

| | | | |
|---|---|---|---|
| 126 | Equifax credit report for Fulton seized from 1812 Poplar on 03/14/02 | | |
| 127 | Transamerica Bank credit card statement in the name of Demetra Underwood seized from 1812 Poplar on 03/14/02 | | |
| 128 | Jewelry appraisal for a 14 carat white gold cross and chain and a platinum ring seized from 1812 Poplar on 03/14/02 | | |
| 129a | Photograph taken during 03/14/02 search warrant at 1112 NW 21st St. | | |
| 129a | Photograph taken during 03/14/02 search warrant at 1112 NW 21st St. | | |
| 130 | Poster of Fulton, Cofer and Mike Tyson seized from 1112 NW 21st St.  on 03/14/02 | | |
| 131 | 101.5 grams of Cocaine Base (Crack Cocaine) purchased from Fulton by DEA - Task Force Officer Perry Moore on 01/26/01 | | |
| 132 | Cassette tape containing 5 conversations with Fulton on 01/26/01 | | |
| 132a | Transcript of GE #132 | | |
| 133 | Cassette tape of drug purchase between Fulton and Agent Perry Moore on 01/26/01 | | |
| 133a | Transcript of GE #133 | | |
| 134 | Cassette of conversation on 09/13/01 | | |
| 134a | Transcript of GE #134 | | |
| 135 | Cassette tape of conversation on 12/13/01 | | |
| 135a | Transcript of GE #135 | | |
| 136 | Plea Agreement - Edgar Joe Cofer, III | | |
| 137 | Plea Agreement - Eulina Smith | | |
| 138 | Plea Agreement - Arthur Glynn | | |

## COOPERATING SOURCE (CS) #4

30.    On January 21, 2001, DEA Task Force Officer (TFO) Perry Moore was working in an undercover capacity with CS#4. TFO Moore and CS#4 contacted Kendrick J. FULTON on his cellular telephone at (806) 584-8039 to arrange a Cocaine Base (Crack Cocaine) purchase As a result of this telephone conversation, TFO Moore and CS#4 met with FULTON at 1604 N. Washington Street in Amarillo. During this meeting, TFO Moore and CS#4 purchased approximately 128.1 gross grams of Cocaine Base (Crack Cocaine) from FULTON for $2,700.00. Both the telephone conversation and the drug transaction between TFO Moore, CS#4 and FULTON were consensually recorded. On or about November 15, 2001, your affiant learned via FULTON's telephone voice message on (806) 584-8039 that FULTON was directing his telephone calls to his new telephone number, target telephone #2.

31.    During a February 21, 2001 interview, CS#4 informed your affiant that in approximately May or June of 2000, he/she purchased around nine ounces of Cocaine Base (Crack Cocaine) from FULTON paying approximately $5,000.00 for the drugs.

32.    During a March 1, 2001 interview, CS#4 informed TFO Moore that FULTON and COFER are involved distributing Cocaine and Cocaine Base (Crack Cocaine) in the Amarillo area. CS#4 further stated that they have a source of supply in the Houston, Texas area and that they use young, black females to transport Cocaine from Houston to Amarillo.

33.    During a March 19, 2001 interview, CS#4 informed TFO Moore that FULTON represents a rapper known as "Mr. Coop" under the Fulton Entertainment label. "Mr. Coop" has been identified as Lajuane COOPER. CS#4 informed agents that COOPER distributes Cocaine for FULTON and that FULTON would allow COOPER to drive several of his

AFFIDAVIT - Page 19



Texas to meet with COFER to purchase Cocaine Base (Crack Cocaine). Upon arriving at COFER's residence, your affiant was met by CS#1. CS#1 and your affiant approached the residence, knocked on the door and were let into the house by COFER. Once inside the residence, COFER motioned for your affiant to meet him in the kitchen area. Once in the kitchen, your affiant and COFER began to discuss the drug transaction. Your affiant advised COFER that he wanted to purchase three ounces of Cocaine Base (Crack Cocaine). Your affiant gave COFER his cellular telephone number and COFER advised your affiant to give him twenty minutes and he would call to let your affiant know where to meet him. Moments after arriving at a safe location, your affiant received a telephone call from COFER using (806) 236-0082 (this number was changed by COFER on January 7, 2002 to target telephone #1). Caller ID, COFER's toll records and your affiant's own telephone records indicate COFER called from (806) 236-0082. COFER and your affiant agreed to meet at 1604 N. Washington Street, Amarillo, Texas. After arriving at this location, your affiant and CS#1 met with COFER. As a result of this telephone conversation and meeting, your affiant purchased approximately 113.5 gross grams of Cocaine Base (Crack Cocaine) from COFER for $2,000.00. The telephone conversations and the drug transaction were consensually recorded. Surveillance units were able to observe COFER leave his residence to meet your affiant. COFER left his residence and traveled to the residence of Kendrick J. FULTON. COFER went inside FULTON's residence and came out a short time later with an unknown black male. He then left FULTON's residence in a different vehicle than he had arrived. COFER made "heat runs" when he departed in an attempt to avoid possible law enforcement detection. COFER then met with unknown persons in a van about one (1) block north of 1604 N. Washington Street. COFER then drove to 1604 N.

# EXHIBIT  2

**U.S. Department of Justice**

Drug Enforcement Administration

March 15, 2005

Request Number:    05-0608-P

Subject of        DRUG LAB RESULTS: EX'S 53, 54, 55, 57 (DEA LAB
Request:          #154287) 58, 59, 60-65, 65A, 67, 68, 75, 76 AND EX. 131 (DEA
                  LAB #144908) AND A COPY OF A CALL THAT DEA IS IN
                  POSSESSION OF AS SWORN TO BY S/A STEPHEN C.
                  THOMAS OF THE LUBBOCK DIV. IN A 2002 WIRETAP
                  AFFIDAVIT.

FCI
P.O. BOX 3000/ B-1
FORREST CITY, AR  72335

DEAR KENDRICK J. FULTON:

    The Drug Enforcement Administration (DEA) has received your Freedom of
Information/Privacy Act (FOI/PA) request and placed it on a list of requests awaiting
processing.  In order to expedite all requests that require retrieval, processing and
duplication of documents, your request will be handled in chronological order based on
the date of this letter.

    Your request has been assigned the above number.  Please include this number in
any future correspondence to this office regarding this request.

    This letter confirms your obligation that by filing your request, you have
implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00,
unless you seek a waiver of fees (28 C.F.R. 16.3 (c)).

    Please be assured that your request is being handled as equitably as possible.
Upon completion of the processing, you will be notified of all applicable fees, and
payment will be required prior to release of any records. If there are not fees associated
with the processing of your request, all documents that can be released will be made
available to you at the earliest possible date.

                              Sincerely,

                              Katherine L. Myrick
                              Chief, Operations Unit
                              FOI/Records Management Section

EXHIBIT  3

*Case Number: 05-0608-P*                                    JUN 3 0 2005

*Subject: DRUG LAB RESULTS: EXS 53, 54, 55, 57 (DEA LAB #154287) 58, 59, 60-65, 65A, 67, 68, 75, 76 AND EX. 131 (DEA LAB #144908) AND A COPY OF A CALL THAT DEA IS IN POSSESSION OF AS SWORN TO BY S/A STEPHEN C. THOMAS OF THE LUBBOCK DIV. IN A 2002 WIRETAP AFFIDAVIT*

Kendrick J. Fulton  #30080-177
FCC-Forrest City (Medium)
P.O. Box 3000/B-1
Forrest City, AR  72335

Dear Kendrick J. Fulton :

      We are in receipt of your recent inquiry dated June 14, 2005, received at the Drug Enforcement Administration (DEA), FOI/Records Management Section (SAR), and Operations Unit (SARO), regarding the status of your pending Freedom of Information/Privacy Act request. We sincerely apologize for the delay in responding to the above Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Our office is under going a computer transition and we regret that our responses have been delayed. We ask for your continued patience and understanding in this matter.

      Due to the large number of requests received by DEA for disclosure of records pursuant to the Acts, and due to the limited resources available to process such requests, DEA has adopted a "first-in, first-out" practice of processing all incoming requests. This policy complies with the decision in, <u>Open America</u> v. <u>Watergate Special Prosecution Force</u>, 547 F.2d 605, (D.C. Cir. 1976), citing 5 U.S.C. 552 (a)(6)(C) and is applied consistently by DEA.

      At this time, our office is awaiting a response from a "Search Action" sent to our field component for a search of the DEA Dallas – Lubbock Resident Office, for any responsive reco concerning the subject of your request. Until a response is received, we can not go forward in processing your request. Your patience in this matter is appreciated.

Sincerely,

*Katherine J. Myrick*

Katherine L. Myrick,
Chief, Operations Unit
FOI/Records Management Section

EXHIBIT 4



Drug Enforcement Administration
Operations Unit
FOI/Records Management Section
Washington, D.C. 20537

*www.dea.gov*

Kendrick Fulton #30080-177
FCC-Forrest City (Medium)
P.O. Box 3000/B-1
Forrest City, AR 72335

Re:  Request No. 05-0608-P

Dear Mr. Kendrick Fulton:

This follows up on my letter of June 30, 2005, in which I advised you of delays in processing your Freedom of Information Act (FOIA) request, the number of which is noted above.

As a result of the searches taken to date, twelve (12) pages of documents have been located. We are still searching for a record of the telephone conversation that you requested. The items that have been found have not yet been processed for release to you, and will not be processed until you make payment, as described below.

Please be advised that two DEA laboratory reports number 144908 (Exhibit 1 – Fort Worth, Texas) and 154287 (Exhibit 23), were released to you as a result of a referral received at DEA from the Executive Office for United States Attorneys (EOUSA) for processing and a direct response to you. We processed those records under DEA Request Number 05-0955-P. Accordingly, we will not duplicate the processing of those laboratory reports under this request.

Your FOIA request does not include a promise to pay costs. However, per 28 C.F.R. § 16.3(c), your FOIA request is considered to constitute an agreement by you to pay all fees up to $25.00. Per 28 C.F.R. § 16.11 (d)(3), a Department of Justice component will provide two hours of search without charge. Per 28 C.F.R. § 16.11 (i)(2), where a Department of Justice component determines or estimates that a total fee to be charged will be more than $250.00, it may require the requester to make an advance payment of an amount up to the amount of the entire anticipated fee before beginning to process a request.

At the time you made your request, the difficulty of making the search was not known. In your case the search was made more difficult, and much more time-consuming, by the fact that you provided only the Exhibit Numbers that were used in your Federal Court prosecution. Drug Enforcement Administration records are investigative in nature, and the Drug Enforcement

Administration does not maintain records of court proceedings. Your request, therefore, has necessitated a manual search of DEA investigative records in an attempt to match investigative records with the Court Exhibits numbers you provided. Your request has also necessitated extensive coordination between DEA personnel at my office and Department of Justice personnel in Texas.

To date, more than 22 hours have been expended in searching. The costs include 5.5 hours of managerial time at $10.25 per quarter hour; the remaining time is charged at $7.00 per quarter hour. Based on the time already spent on searching, and applying the mandate of 28 C.F.R. § 16.11 (d)(3) in the way that is most favorable to you, I calculate that the accrued costs to date are: **$605.50**. This amount is the sum of the following: 3.5 hours at $10.25 per quarter hour [$143.50] plus 16.5 hours at $7.00 per quarter hour [$462.00].

As noted above, if you still wish to receive these items please remit a **certified check or money order**, payable to Treasury of the United States, in the amount of **$605.50**. Please indicate on the face of your certified check or money order the Request Number noted above, and mail it to the following address:

> Drug Enforcement Administration
> Operations Unit
> FOI/Records Management Section
> Washington, D.C. 20537

Also, please advise if you wish DEA to continue to search for the one remaining item. If so, you will be required to pay the costs of the search at the standard rate of $4.00 per quarter hour for clerical personnel, $7.00 per quarter hour for non-managerial personnel, and $10.25 per quarter hour for managerial personnel. You will not be required to pay for the costs of this search at this time; however, you are advised that your request that DEA continue to search for these items will be construed as a firm promise to pay. You will be billed for the search after the search is concluded, before the items will be processed for release. A payment by you should not be construed as a determination by DEA that the items will be released: see 28 C.F.R. § 16.11(c)(1)(ii).

Again, no further processing will be initiated on your request until we receive the payment requested above.

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management

# EXHIBIT  5

10/12/2005

**Drug Enforcement Administration**
**Attn. Katherine Myrick**
**Operations Unit**
**FOI/Records Management Section**
**Washington, DC 20537**

Re: Waiver-Request Number 05-0608-P

Ms. Myrick,

I am seeking a waiver of the fees for the requsted documents pursuant to , 28 C.F.R. § 16.11(k)(2)(i)-(iv). Requester asserts that his request meets all the requirments required, and that by this office disclosing the requested information at a reduced fee is appropriate.

The quoted price of $605.00 is quite excessive for (12) documents. I understand that at the start of the request this office may not have know of the actual cost, but to depart from the starting price of $25.00 to $605.00 is unheard of. At no time did this office notify requester when the fee doubled, tripled or quadrupled. As a result the final fee is 24x's the starting fee of $25.00.

All of the requested documents would serve the public interest of government activities, so therefore requester feels a reduction in the fee is appropriate.

Sincerely,

**KENDRICK J. FULTON**
FBOP # 30080-177
Federal Correctioal Center(Med.)
PO Box 3000/B-1
Forrest City, AR 72335

# EXHIBIT  6



U. S. Department of Justice
Drug Enforcement Administration
FOI/Records Management Section

*www.dea.gov*

NOV    2005

Mr. Kendrick J. Fulton
FBOP # 30080-177
Federal Correctional Center (Med.)
P.O. Box 3000/B-1
Forrest City, AR 72335

    Re: FOIA Request 05-0608-P (Request for Fee Waiver)

Dear Mr. Fulton:

   This responds to your letter of October 12, 2005, in which you request a waiver of fees for the documents that the DEA identified as responsive to your FOIA request above.

   Your letter states that "the quoted price of $605.00 is quite excessive" for the 12 identified documents. As justification for your fee waiver request, you also state that "all of the requested documents would serve the public interest of government activities."

   Based on the foregoing, I have construed your letter as a disputed fee matter and also as a request for fee waiver. After careful consideration, I have determined to deny your requests for the reasons stated below.

   <u>Dispute on amount of fee.</u>

   Your request apparently presumes that the DEA's cost to search for each document is the same, and that cost is $25.00. Actually, as set out in 28 C.F.R. § 16.11(a), the government is required to charge fees, except where fees are limited by regulation or are waived. The regulation also states that the first two hours of search will be provided without charge, and that no fee will be charged when the total fee is $14.00 or less (28 C.F.R. § 16.11(d)). When the estimated fee exceeds $25.00, the component shall notify the requester of the actual or estimated amount of fees, unless the requester has indicated a willingness to pay a higher amount. In such case, the request shall not be considered received and no work shall be done until the requester agrees to pay the anticipated total fee. 28 C.F.R. § 16.11(e).

   In your case you were not notified in advance of the total estimated cost because it was unclear how much the total fee would be. As I noted in my letter to you of September 22, 2005, your request referred to the documents that you sought based on exhibit numbers that were used at your criminal trial. The DEA is an investigative agency, and it does not retain records related to trials. For your request, therefore, it was necessary to conduct a page by page search of DEA records to find relevant documents, and also to coordinate with the United States Attorney office in Lubbock, Texas to determine which DEA documents related to which court exhibits.

In fact, the cost that was quoted to you of $605.50 is not a complete breakdown of the costs expended in searching in response to your FOIA request. My previous letter to you reflects that you were charged for a total of 20 hours, broken down as follows: 3.5 hours of managerial time at $10.25 per quarter hour [$143.50] plus 16.5 hours of professional time at $7.00 per quarter hour [$462.00].

A partial summary of the search costs relating to your FOIA request are as follows: A DEA special agent in the grade of GS-13 worked together with an Assistant United States Attorney in Lubbock Texas to identify responsive documents. He reports that he expended approximately 24 hours in responding to your FOIA request. In addition, a supervisory FOIA specialist in the grade of GS-13 spent five hours coordinating and supervising the special agent's actions. Additionally, a FOIA specialist in the grade of GS-11 spent one hour in processing your request. Lastly, an attorney at DEA headquarters in the grade of GS-15 spent one half hour working with the supervisory FOIA specialist to determine whether other avenues of search might be effective. The total reported costs summarized above are 25 hours of professional time at $7.00 per quarter hour [$700.00] plus 5.5 hours of managerial time at $10.25 per quarter hour [$225.50]. Please note that this summary does not include any time expended by the Assistant United States Attorney. It is my position that the DEA could have charged for such costs, but chose not to do so.

In my letter of September 22, I applied the requirement of 28 C.F.R. § 16.11(d)(3)(ii) to provide two hours of the more expensive managerial time at no cost to you. In addition, I limited the amount charged for the DEA special agent's time to 16.5 hours. I also neglected to charge you for the one hour of the FOIA specialist's time. In sum, even when the Assistant United States Attorney's time is disregarded, you could have been charged up to $859.50 [$700.00 plus $225.50, minus $56.00 credit for two hours free search time at the less expensive rate of $7.00 per quarter hour]. Under such circumstances, a fee of $605.50 is reasonable and represents a significant concession to your circumstances.

Please note that you were not asked to pay fees in advance. Rather, as set out in 28 C.F.R. § 16.11(a), copies of these records will be sent to you when fees are paid. As I stated to you in my letter of September 22, you should pay by check or money order payable to the Treasury of the United States.

<u>Request for fee waiver.</u>

Your letter of October 12, 2005, also requested a waiver of fees, and cited 28 C.F.R. § 16.11(k)(2)(i)-(iv) as a basis for your request. In addition, your letter stated: "All of the requested documents would serve the public interest of government activities." I have carefully considered your request for a fee waiver. Your request is denied, for the following reasons.

28 C.F.R. § 16.11(k)(1) requires a Department of Justice component to furnish records without charge or at reduced charge where it determines, based on all available information, that the requester has demonstrated that "(1) Disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and (2) Disclosure of the information is not primarily in the commercial interest of the requester." Even though you did not provide any information establishing that disclosure is

Mr. Kendrick J. Fulton

Page 3

not primarily in your commercial interest, I am willing to assume that you do not seek the records at issue for a commercial purpose.

28 C.F.R. § 16.11(k)(2) provides guidance on assessing whether disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government. It sets out four factors to consider:

(i) The subject of the request: whether the subject of the requested records concerns "the operations or activities of the government;"

(ii) The information value of the information: whether the disclosure is "likely to contribute to the understanding of government operations or activities;"

(iii) The contribution to an understanding of the subject by the public likely to result from disclosure: whether disclosure will contribute to "public understanding;"

(iv) The significance of the contribution to public understanding: whether the disclosure is likely to contribute "significantly" to public understanding of government operations or activities.

Your request was for copies of DEA laboratory test records for certain items of evidence that were admitted as exhibits in your criminal trial for conspiracy to possess with intent to distribute cocaine and cocaine base. Based on the foregoing, I conclude that the subject of the request -- records of DEA laboratory testing -- does concern the operations of the government. I also conclude that, by disclosing the fact that the DEA may conduct laboratory tests on items that are suspected to be illegal drugs, or items suspected of being used in the manufacture of illegal drugs, disclosure is likely to contribute to the understanding of government operations or activities.

However, I also conclude that disclosure does not contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to your individual interest as a requester. I also conclude that the disclosure is not likely to contribute "significantly" to the public's understanding of government operations. I note that the documents requested pertain to exhibits admitted into evidence in your own criminal trial. I note also that you are not a member of the news media. Based on the fact that you have requested specific documents relating to your trial, I infer that you seek these documents for your own purposes, and not for the purpose of providing information to the public to enable the public to better understand the workings of the government. I also note that it is a matter of general public knowledge that the government may conduct laboratory tests on items suspected of being illegal drugs, or items involved in the processing of illegal drugs, when determining whether to initiate criminal charges for drug offenses. Therefore, I conclude that disclosure of laboratory records related to one specific criminal case -- yours -- is not likely to contribute to the public's understanding of government operations in any new or significant way. In making this determination I relied upon your letter of October 12, 2005, which provided no information explaining why you believed that disclosure of this information contributed to public understanding.

As set forth in 28 C.F.R. § 16.9, you may appeal my decision denying your requests to the Department of Justice Office of Information and Privacy, which is the appellate authority for the Department of Justice FOIA matters. You must make your appeal in writing and it must be received by that office within 60 days of the date of this letter. Your appeal may include as much as or little related information as you wish, as long as it clearly identifies the component's determination (in this case, DEA's denials of your dispute on the amount of fee and your request for fee waiver).

Mr. Kendrick J. Fulton

Page 4

Include the FOIA request number above.

> Office of Information and Privacy
> U.S. Department of Justice
> Flag Building, Suite 570
> Washington DC 20530-0001

For the quickest possible handling, you should mark your appeal letter and the envelope "Freedom of Information Act Appeal."

Yours truly,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management

CCA:AHOdegard
CCA Chron
CCA File

h:  DistCtFultonfeewaiverresponseletter.docz

# EXHIBIT  7

November 19,2004

Tanya K. Pierce, AUSA
1205 Texas Ave. 7th Floor
Lubbock, Texas 79403

Re: DEA Lab results Case No. 5:02-CR-094-C

Mrs. Pierce,

I am seeking copies of all lab results done in the above referenced
case, in which I was prosecuted.  The DEA Lab numbers are 144908,
done by DEA chemist Maria Hernandez of the Southeast Lab; Miami,Fl.
The other test was done by DEA chemist Rajesh R.Patel of the DEA
SouthCentral Lab, Dallas Texas number 154287.  I also need any
other lab results done on other substances in my case.

All of the information requested should be available to me pursuant
FOIA/PA, and a formal request is being  made to the EOUSA's office
and the DEA FOIA/PA Department, both in Washington DC.  Please send
the requested lab results to the address below.

Yours truly,

Kendrick J. Fulton 30080-177
Federal Correctional Institution
PO Box 5000/R-2
Oakdale,LA 71463

cc: Fifth Circuit Court of Appeals
    Honorable Sam R. Cummings
    EOUSA Office, Washington DC
    DEA FOIA/PA Office, Washington DC

AGENCIES:

(  )  United States Parole Commission
(  )  Federal Bureau of Investigation
(  )  Immigration & Naturalization service
(  )  Internal Revenue Service
(  )  United States Attorney
(  )  Treasury Department
(  )  Bureau of Prisons
(  )  State Agency
(x )  Other: EOUSA Office, Washington, Dc

DIRECT RESPONSE TO:

Name: Kendrick J. Fulton

Reg.No. 30080-177

Unit: Rapides 2

Date: November 19, 2004

TO:

    EOUSA
    FOI/PA Staff
    600 E. Street NW Rm. 7300
    Washington,DC 20530

IDENTIFICATION OF REQUESTER:
NAME: Kendrick Fulton
ALIAS:
DATE OF BIRTH: ███████
PLACE OF BIRTH:
F.B.I. NO:
SOC. SEC. NO: ███████
OTHER:

RE:    FREEDOM OF INFORMATION ACT
    ( U.S.C. 552), PRIVACY ACT
    (5 U.S.C. 552a (d) (1)) Request:
    EXEMPTIONS (5 U.S.C. 552 (6) (C)
    (B) (7)), GENERAL ( U.S.C. 552 A
    (J) (2)) OR SPECIFIC ( U.S.C.
    552 a (k) (2)) NOT APPLICABLE TO
    THIS REQUEST.



Right Thumb        Right Index

RT               RI

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name. This request is sought specifically for amendment, deletion and / or expungment (5 U.S.C. 552a (d) (2) (a)) of records maintained by your Agency. The records sought but not limited to, is the compiled file containing (1) arrest records, (2) investigation and / or investigatory reports, (3) reports or evidentiary and / or scientific information findings, (4) wants, warrants, and / or detainers, (5) final and closing investigation reports: and (6) any and / or all information, data, or reports not otherwise exempt by statute (5 U.S.C. (66) (c) (b) (7)), (5 U.S.C. 52a (j) (2), (k) (2), or law, Tarlton v. Saxbe, 507, F.2d. 1116, 165 U.S. App. D.C. 293 (1974), Menard v. Saxbe, 498 F 2d. 1017, 162 U.S. App. D.C. 284 (1974), Sullivan v. Murphy, 478 F. 2d. 53, 156 U.S. App. D.C. 28 (1973). Your Agency is advised that the investigation reports in toto are no longer accorded exempt status unless under the specific exemption noted, and only with reference to specific citation of authority, Paton v. La Prade, 524 F.2d 862, 868-69. (CA3 1975).

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 562 (CA3 1975). Tariton v. Saxbe. 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute .5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell. 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975). Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulations, and the date as to when your Agency will be able to act upon request.

Yours truly,

Ken ___

Dated: 11-19-04

(3)

U.S. Department of Justice

## Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to crim-inal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for review-ing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _Kendrick Jermaine Fulton_

Citizenship Status [2] _US. citizen_  Social Security Number [3] ▓▓▓▓▓▓▓

Current Address _FCI- @ Oakdale, P.O. Box 5000/R-2, Oakdale, LA 7146_

Date of Birth ▓▓▓▓▓▓  Place of Birth _Houston, Texas_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____  Date _12-21-04_

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
**Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

Examples of specific requests:

I am requesting lab results from Criminal Case No. 5:02-CR-094-C

1). that was prosecuted in the Northern District of Texas
The agency involved in the investiagtion was the Lubbock Texas DEA
Office, lead agent was Stephen C. Thomas, and the Office Supervisor
was Lonnie Watson.  The DEA Lab numbers are; 144908 done by DEA
chemist Maria Hernandez of the Southeast Lab in Miami Florida,

2). and lab number 154287 done by DEA chemist Rajesh R. Patel
of the Southcentral Lab in Dallas Texas.  I am requesting any and
all lab  results and tests done in this investigation.  The case
was prosecuted by AUSA Tanya K. Pierce of Lubbock Texas.

3). _____

_____

_____

4). _____

_____

_____

_____

5). _____

_____

_____

_____

6). _____



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

To:___ **Drug Enforcement Administration**

Requester:___ **Kendrick Fulton** _____ Requester Number:___ **05-339** _____

Subject of Request:___ **Self (Lab Tests)** _____

Dear FOIA/PA Contact Person:

The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1.　[ 　] 　As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2.　[ X ] 　**While processing this request, we located the enclosed records which originated in your office. These records were found in the U.S. Attorney's Office files and may or may not be responsive to the request. We are referring _3_ page(s) of material and a copy of the request to you for a direct response to the requester.**

3.　[ 　] 　This office is also providing _____ page(s) of documents under a cover page titled "Background Information". The attached records are provided to your agency to assist in processing your records. These are <u>not</u> part of the referred records and should be kept as administrative records in this referral.

A copy of our final determination letter is also enclosed for your reference. Please note we have charged the requester $_____ for search/duplication costs incurred in the processing of this request.

We have notified the requester of this referral.

If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

Marie A. O'Rourke
Assistant Director

Name:___ **Debbie Melvin** _____
Phone:___ **202-616-0790** _____
Enclosure(s)

-6 APR 05

Form No. 007 - 11/03

# EXHIBIT  8



**U.S. Departme of Justice**

Drug Enforcement Administration

JUN

| | |
|---|---|
| Request Number: | 05-0955-P |
| Subject of Request: | FULTON, KENDRICK |
| Referred to DEA by: | EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS |

KENDRICK FULTON #30080-177
UNIT RAPIDES 2
P.O. BOX 5000/R-2
OAKDALE, LA 71463

Dear Kendrick Fulton:

In response to your request for documents from the above agency, the Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA. In order to expedite all requests, your request will be handled in chronological order based on the date of this letter.

Your request has been assigned the above number. Please include this number in any future correspondence to this office regarding this request.

This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.(3)).

Please be assured that your request is being handled as equitably as possible. Upon completion of the processing, you will be notified of chargeable fees, and payment will be required prior to release of any records. If there are not fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

*DEA FOIA Home Page... http://www.usdoj.gov/dea/foia/dea.htm*

# EXHIBIT  9



U.S. Department of Justice
Drug Enforcement Administration

SEP 1 4 2005

*Case Number:* 05-0955-P

*Subject:* ALL LAB RESULTS (DEA LAB NUMBERS 144908 & 154287)

*Referred to DEA By:* EOUSA

Kendrick Fulton
Unit Rapides 2
P.O. Box 5000/R-2
Oakdale, LA 71463

Dear Mr. Kendrick Fulton:

The Drug Enforcement Administration (DEA) has completed its review of the three (3) referred DEA documents pursuant to your Freedom of Information/Privacy Act request to the above agency.

The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

The documents are being forwarded to you with this letter.

If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

CO-DIRECTOR
OFFICE OF INFORMATION AND PRIVACY
FLAG BUILDING, SUITE 570
WASHINGTON, D.C. 20530

Sincerely,

Katherine L. Myrick
Chief Operations Unit
FOI/Records Management

Number of Pages Withheld:          0

Number of Pages Released:          3

Applicable sections of the Freedom of Information and/or Privacy Act:

| **Freedom of Information Act**<br>**5 U.S.C. 522** | | | **Privacy Act**<br>**5 U.S.C. 552a** | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [X] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

SAM's

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**
WASHINGTON, DC 20537

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



RB 379 289 284 US

REGISTERED MAIL
United States Postal Service

05-0955-P
KENDRICK FULTON
UNIT RAPIDES
P.O. BOX 5000/R-2
OAKDALE, LA 71463

RETURN TO SENDER
30 DAYS EXP-RED
MOVE, NOT AT THIS INSTITUTION
INMATE NOT AT THIS INSTITUTION ON FILE
UNABLE PACKAGE

REFUSED

REFUSED

REFUSED

REFUSED

# EXHIBIT 10



U.S. Department of Justice
Drug Enforcement Administration

---

.... .. 2005

*Case Number:* 05-0955-P

*Subject:* ALL LAB RESULTS (DEA LAB NUMBERS 144908 & 154287)

*Referred to DEA By:* EOUSA

Kendrick Fulton
FCC-Forrest City (Medium)
P.O. Box 3000/B-1
Forrest City, AR 72335

Dear Mr. Kendrick Fulton:

The Drug Enforcement Administration (DEA) has completed its review of the referred DEA documents pursuant to your Freedom of Information/Privacy Act request to the above agency.

Please be advised that our office attempted to deliver the attached documents to you on September 14, 2005. The documents were refused and returned to our office, by the FCI Oakdale, LA prison "stating that the inmate is no longer at that institution." We have updated our data base to reflect your current location and attached are the documents.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

91

9

# EXHIBIT 11

**Mr. Kendrick J. Fulton**
**Register Number 30080-177**
**Federal Correctional Complex (Medium)**
**PO Box 3000/B-1**
**Forrest City, Arkansas 72335**

October 24, 2005

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
USDOJ
DEA
Washington, DC 20537

Re: Case Number: 05-0955-P
    Lab Results (DEA LAB NUMBERS 144908 & 154287)

Dear Mrs Myrick,

I am in receipt of the documents you have provided me pursuant to my FOIA/PA request, dated October 18, 2005. However, the information you have provided me is incomplete.

In addition to the DEA-7 *Report of Drug Property Collected, Purchased or Seized*, I need the DEA-86 *Forensic Chemist Worksheet* (front and back); any spectrographs generated during the laboratory's analysis, and also the Government's expert's summary of testimony and curriculum vitae.

Please notify me in regards to this matter of incomplete records, in the meantime I will forward a copy of this notice to the OIP, "Appeal Office".

Very truly yours,

Kendrick J. Fulton

cc: CO-Director, OIP

**Mr. Kendrick J. Fulton**
**Register Number 30080-177**
**Federal Correctional Complex (Medium)**
**PO Box 3000/B-1**
**Forrest City, Arkansas 72335**

October 24, 2005

CO-Director
Office of Information and Privacy
Flag Building, Ste., 570
Washington, DC 20530

Re: **Case Number: 05-0955-P**
    **Lab Results (DEA LAB NUMBERS 144908 & 154287) [APPEAL]**

Dear Co-Director,

    I wish to file an appeal to the "incomplete" request that was done by the DEA. In an attached letter, I have also written to the DEA and informed their office that the request provided was incomplete.

    My wish is that you file this appeal, and also that you help me aquire the missing documents I seek. I thank you in advance.

Very truly yours,

Kendrick J. Fulton

cc: Katherine L. Myrick
    Chief, Operations Unit
    FOI/Records Mgmt. Section
    DEA

EXHIBIT  12

U.S. Department of Justice

Drug Enforcement Administration

FOI/Records Management Section

www.dea.gov

NOV ~ 8 2005

Mr. Kendrick J. Fulton #30080-177
Federal Correctional Complex (Medium)
P.O. Box 3000/B-1
Forrest City, AR 72335

Request Number 05-0955-P
Subject of Request:  Lab Results (DEA Lab Numbers 144908, 154287, and 148100)

Dear Mr. Fulton:

This responds to your letter of October 24, 2005, which was received at the Drug Enforcement Administration (DEA) on November 4, 2005. In your letter, you confirm receipt of the documents the DEA released to you pursuant to the above-numbered Freedom of Information Act (FOIA) request. However, you state that the information provided to you was "incomplete."

Your letter, which relates to the DEA's release to you, on October 18, 2005, of three (3) DEA Forms 7, *Report of Drug Property Collected, Purchased, or Seized*, did not contest any of the information withheld on the pages released. Consequently, I infer that you have no objection to the DEA's redactions in those pages. Rather, your letter requests the following items:  (1) DEA Form 86, *Forensic Chemist Worksheet* (front and back); (2) any spectrographs generated during the laboratory analysis, and (3) the Government expert's summary of testimony and curriculum vitae.

I remind you that the DEA documents released to you pursuant to FOIA request 05-0955-P consisted of documents that had been referred to the DEA from the Executive Office for U.S. Attorneys (EOUSA). You received a copy of each of the three pages of documents that were referred to the DEA. If the other items mentioned in your letter of October 24, 2005 exist, EOUSA did not forward them to the DEA for processing and release.

Mr. Kendrick J. Fulton                                                                    Page 2

    Based on your written request for specific documents, I will construe your letter of October 24, 2005 as a new FOIA request, and will consider it to have been received on November 4, 2005 (the date your letter was received).  Though you did not so specify, I presume that you seek applicable DEA Forms 86 and spectrographs for each of the laboratory reports (DEA Forms 7) that the DEA released to you. Please see the enclosure acknowledging receipt, providing a reference number for your request, and informing you of your implied promise to pay applicable fees up to $25.00.

                    Sincerely,

                    Katherine L. Myrick
                    Chief, Operations Unit
                    FOI/Records Management

Enclosure

**U.S. Department of Justice**

Drug Enforcement Administration

*Case Number: 06-0138-P*

*Subject of Request: DEA-86 FORENSIC CHEMIST WORKSHEET (FRONT AND BACK); ANY SPECTOGRAPHS GENERATED DURING THE LABORATORY'S ANALYSIS; AND THE GOVERNMENT'S EXPERT'S SUMMARY OF TESTIMONY AND CURRICULUM VITAE*

Kendrick Fulton #30080-177
Federal Correctional Complex (Medium)
P.O. Box 3000/B-1
Forrest City, AR  72336

Dear Kendrick Fulton:

   The Drug Enforcement Administration (DEA) has received your latest Freedom of Information/Privacy Act (FOI/PA) request for the above records, and placed it on a list of requests waiting processing. In order to expedite all requests that require retrieval, processing and duplication of documents, your request will be handled in chronological order based on the date of this letter.

   Your request has been assigned the above number.  Please include this number in any future correspondence to this office regarding this request.

   This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00.

   Please be assured that your request is being handled as equitably as possible.  Upon completion of the initial search and/or processing, you will be notified of all applicable fees, and payment will be required prior to release of any records.  If there are no fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT 13



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

**JAN 2 6 2006**

Mr. Kendrick J. Fulton
Register No. 30080-177, Unit B-1
Federal Correctional Complex (Medium)          Re:    Appeal No. 06-0383
Post Office Box 3000                                          Request No. 05-0955-P
Forrest City, AR  72335                                       BVE:ALB:CL

Dear Mr. Fulton:

You appealed from the action of the Drug Enforcement Administration on a record referred to it from the Executive Office of the United States Attorneys following your Freedom of Information Act request to the EOUSA. Specifically, you appeal the DEA's failure to provide copies of records outlined in your letter dated October 24, 2005 to the DEA.

After carefully considering your appeal, I am affirming the action of the DEA in response to the referral of records from the EOUSA. Please note that the DEA's action was limited only to those records that the EOUSA referred to it. The DEA was not obligated to conduct the search of its files in response to your request to the EOUSA. However, the DEA has opened a new request file in response to your letter of October 24, 2005 (Request No. 05-0955-P). If the DEA locates responsive records, it will send the nonexempt portions of them to you directly, subject to applicable fees.

If you consider my action to be a denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Melanie Ann Pustay
Deputy Director



# EXHIBIT  14

Drug Enforcement Administration
FOI/Records Management Section
Office of Administration

JAN  9   2006

*www.dea.gov*

Mr. Kendrick J. Fulton
FBOP # 30080-177
Federal Correctional Center (Med.)
P.O. Box 3000/B-1
Forrest City AR 72335

Re: FOIA Request 06-0138-P

Dear Mr. Fulton:

This responds to your above-captioned Freedom of Information Act (FOIA) request, listed above. In your request, you requested the DEA Form 86 (front and back); any spectrographs generated during the laboratory analysis; and the summary of testimony and curriculum vitae of the Government expert for the following laboratory reports: 144908 and 154287.

Enclosed are 29 pages of responsive documents. In addition to the laboratory reports (DEA Forms 7), these documents consist of DEA Forms 86, spectrographs, and curriculum vitae for the laboratory reports at issue. There is no record at the DEA of the summary of any testimony for any Government expert related to these laboratory reports. No responsive documents have been withheld.

Redactions have been made on the documents released to you based on the following FOIA exemptions: (b)(2), (b)(7)(C), (b)(7)(F). See the enclosure for a standard description of these exemptions.

Because the costs for processing this request did not exceed the amount set out in 28 C.F.R. § 16.11(d), no fee will be charged for this FOIA request. The fact that no fee was charged for this request should not be construed as a grant of a fee waiver or reduction.

If you wish to appeal any adverse determination related to this FOIA request you may do so by submitting your appeal, within 60 days, to the following:

> Office of Information and Privacy
> U.S. Department of Justice
> Flag Building, Suite 570
> Washington DC 20530-0001

Mr. Kendrick J. Fulton

Page 2

For faster handling, please mark your appeal letter and the envelope with the words: "Freedom of Information Act appeal." See 28 C.F.R. § 16.9 for Department of Justice guidance regarding appeals of FOIA requests.

Sincerely,

Katherine Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management

Enclosures

# FREEDOM OF INFORMATION ACT
## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

# PRIVACY ACT
## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.