```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,               )
                               )
        Plaintiff,             )
                               )
    v.                         )  Civil Action No. 05-1300 RMU
                               )
EXECUTIVE OFFICE FOR           )
   U.S. ATTORNEYS, et al.,     )
                               )
        Defendants.            )
                               )
```

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

The Defendants respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1), and (6) to dismiss the Complaint. In the alternative, this Court should enter summary judgment in favor of Defendants, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the documents in support of this motion, as with Defendant's Motion For Partial Summary Judgment filed on March 7, 2002, will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  A proposed Order consistent with this motion is attached hereto.

                    Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,                  )
                                  )
         Plaintiff,               )
                                  )
    v.                            ) Civil Action No. 05-1300 RMU
                                  )
EXECUTIVE OFFICE FOR              )
  U.S. ATTORNEYS, et al.,         )
                                  )
         Defendants.              )
                                  )
```

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

INTRODUCTION

Plaintiff initiated this Freedom of Information Act ("FOIA") action seeking unspecified documents from several Organizational Units of the United States Department of Justice. See Complaint, Caption; 28 C.F.R. § 0.1. He has since indicated the specific records that he seeks, which include copies of numerous exhibits apparently used at his criminal trial and some recording that be appears to believe exists of a telephone message.[1]  See Docket

---

[1]  The Complaint suggests that Plaintiff left a message for callers who called one telephone number that they should call another number to reach him.  The exhibit does not offer any reason to believe that a recording was made of the telephone voice message. See Complaint, Exhibit A.  Nevertheless, because Plaintiff has failed to pay the fees already incurred in searching for the numerous records he seeks, no further effort is called for to identify whether a recording exists of the telephone voice message.  See 28 C.F.R. § 16.11(i)(4) ("In cases in which a component requires advance payment or payment due under paragraph (1)(2) or (3) of this section, the request shall not be considered received and further work will not be done on it until the required payment is received.").

Nos. 12 and 16; December 16, 2005 Order at 1 (Docket No. 17).

ARGUMENT

Dismissal of this Action Is Warranted Because Plaintiff
Has Failed to Exhaust the Administrative Remedies
Prescribed by the FOIA

Under the FOIA, administrative remedies must be exhausted prior to seeking judicial review. See Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). Because Plaintiff has failed to pay the properly assessed search fee in the amount of $605.50, plaintiff has failed to exhaust his administrative remedies under the FOIA and has failed to satisfy the prerequisite to defendant's obligation to process Plaintiff's request. See 28 C.F.R. § 16.11(i)(4); Declaration of Adele H. Odegard ("Odegard Decl."), ¶¶ 2-18. Consequently, Defendant respectfully submits that this action should be dismissed.

Justice Department regulations, in accordance with the FOIA, provide that agency components "shall charge for processing requests under the FOIA" and "ordinarily shall collect all applicable fees before sending copies of requested records to a requester." 28 C.F.R. § 16.11(a). When a requester has failed to pay an assessed fee, he has failed to comply with a necessary administrative requirement of the FOIA and has thereby failed to exhaust his administrative remedies. As the Court held in Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996), a plaintiff must exhaust his administrative

remedies by paying any applicable fees as "a condition precedent to judicial review of a FOIA suit." Accord Stebbins v. Nationwide Mutual Ins., 757 F.2d 364, 366 (D.C. Cir. 1985) (noting that "exhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review."); see also Center to Prevent Handgun Violence v. Department of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997) (finding that requester failed to exhaust administrative remedies by not paying assessed fee), appeal dismissed, No. 97-5357 (D.C. Cir. Feb. 26, 1997).

Moreover, a FOIA plaintiff is not relieved of his obligation to pay the assessed fee because he has subsequently filed a FOIA lawsuit. See Pollack v. Department of Justice, 49 F.3d 115, 119-20 (4th Cir. 1995) (holding that commencement of a FOIA action does not relieve requester of obligation to pay fees). Indeed, exhaustion of administrative remedies does not occur until the outstanding fees are paid. See Trueblood, 943 F. Supp. at 67; see also Oglesby, 920 F.2d at 66 (holding that exhaustion of administrative remedies occurs when "the required fees are paid or an appeal is taken from the refusal to pay fees").

A FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies." Trueblood, 943 F. Supp. at 67; see also Dettmann v. United States Dep't of Justice, 802 F.2d 1472,

1477 (D.C. Cir. 1986); <u>Center to Prevent Handgun Violence</u>, 981 F. Supp. at 23; <u>Crooker</u> v. <u>United States Secret Serv.</u>, 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Indeed, "strict enforcement of the exhaustion doctrine is favored in FOIA cases." <u>Center to Prevent Handgun Violence</u>, 981 F. Supp. at 23.  Plaintiff's failure to pay the assessed fee is therefore fatal to Plaintiff's claim.  As the Court has concluded in a similar case:

> In a FOIA case, exhaustion of administrative remedies is a condition precedent to judicial review. <u>Stebbins</u> v. <u>Nationwide Mutual Insurance</u>, 757 F.2d 364, 366 (D.C. Cir. 1985).  Thus, a plaintiff's FOIA claims are subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies.  <u>Dettmann</u> v. <u>U.S. Department of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  Exhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the government's refusal to waive fees.  <u>Oglesby</u> v. <u>U.S. Department of Army</u>, 920 F.2d 57, 66 (D.C. Cir. 1990); <u>Trueblood</u> v. <u>U.S. Department of the Treasury</u>, 943 F.Supp. 64, 68-69 (D.D.C. 1996).  In support of its motion for summary judgment, the government argues that the Court lacks jurisdiction because Jeanes failed to pay the assessed search fees and also failed to appeal the denial of his request for a fee waiver.  Jeanes responds that this Court has subject matter jurisdiction because he constructively exhausted his administrative remedies when the agency did not respond to his request within the statutory period, and then only notified him of the estimated fees for processing his request after he had already filed suit.  Moreover, Jeanes asserts that after the government filed its motion for summary judgment, he attempted to pay the estimated fees, but was unable to do so.
>
> The Court finds that it lacks subject matter jurisdiction over this action because there is no evidence in the record that Jeanes has properly paid the fees assessed by the agency to process his request.

<u>Jeanes</u> v. <u>U.S. Department of Justice</u>, 357 F. Supp. 2d 119, 122-23

(D.D.C. 2004). This same conclusion applies to the instant action, where Plaintiff has failed to pay the requisite fees.

Accordingly, Defendants respectfully submit that the Court lacks jurisdiction in this lawsuit and that dismissal is appropriate under the facts of record in this action.[2] Accordingly, defendant asks that this action be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

[2] If the Court denies this motion, then the Court should enter an order providing Defendants additional time to support any withholdings and to submit a supplemental dispositive motion in this action.

-5-

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,               )
                               )
         Plaintiff,            )
                               )
    v.                         ) Civil Action No. 05-1300 RMU
                               )
EXECUTIVE OFFICE FOR           )
  U.S. ATTORNEYS, et al.,      )
                               )
         Defendants.           )
                               )
```

                   STATEMENT OF MATERIAL FACTS
              AS TO WHICH THERE IS NO GENUINE DISPUTE

   PROCESSING OF PLAINTIFF'S FOIA REQUEST TO DEA

   1.  Plaintiff submitted a written Freedom of Information Act request, dated February 26, 2005, to the DEA's FOI Operations Unit.  His request stated that the Plaintiff agreed "to pay any reasonable costs, or file IN FORMA PAUPERIS" if indigent, for search and copying of the material requested.  Declaration of Adele H. Odegard ("Odegard Decl."), ¶ 5.

   2.  In his FOIA request, Plaintiff sought "copies of drug lab results" done in connection with his criminal case, and enclosed a copy of the "exhibit list", presumably from his criminal trial, and Plaintiff also requested a "copy of a phone call" referred to in an affidavit.  Lastly, he requested "lab results on the controlled substance" purchased by a named agent on a specific date.  Odegard Decl., ¶ 6 and Exhibit 1.[1]

   3.  A copy of Plaintiff's FOIA request is attached to the

---

[1] The exhibits were redacted per Local Civ. R. 5.4(f).

Declaration of Adele H. Odegard as Exhibit 1; and the exhibits for which Plaintiff requested lab results were: 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 65a, 66, 67, 68, 75, 76, 131. Id.

 4. On March 15, 2005, the Chief, Operations Unit, FOI/Records Management Section ("SARO") sent Plaintiff a letter to the address the Plaintiff had provided in his FOIA request, assigning the number 05-0608 to Plaintiff's FOIA request and advising him that the DEA had received his request and placed it on a list of requests awaiting processing in order of receipt. Odegard Decl., ¶ 7 and Exhibit 2.

 5. The letter also advised the Plaintiff that upon completion of processing he would be notified of all applicable fees, and payment would be required prior to release of any records. Id.

 6. A copy of the SARO Chief's March 15, 2005 letter to Plaintiff is attached to the Declaration of Adele H. Odegard as Exhibit 2. Odegard Decl., ¶ 7.

 7. On June 30, 2005 the SARO Chief sent the Plaintiff a letter to the address that he had used in his FOIA request, advising Plaintiff that SARO had received his letter of June 14, informing Plaintiff that "our office is undergoing a computer transition," and apologizing for any delay. Odegard Decl., ¶ 8.

 8. The SARO's June 30, 2005 letter informed Plaintiff that DEA had adopted a "first-in, first-out" practice for processing

FOIA requests, and cited <u>Open America</u> v. <u>Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976).  Lastly, the letter told Plaintiff that SARO was awaiting a response from the field component in Lubbock, Texas, for any responsive records relating to the Plaintiff's request.  Odegard Decl., ¶ 8.

9.  A copy of the SARO Chief's June 30, 2005 letter to Plaintiff is attached to the Declaration of Adele H. Odegard as Exhibit 3.  Odegard Decl., ¶ 8.

10.  The Drug Enforcement Administration ("DEA") is a federal law enforcement entity, maintaining investigative records, and it normally does not maintain records relating to the prosecution of a criminal case.  Odegard Decl., ¶ 9.

11.  DEA's investigative records are filed under a "case number," rather than by the name of an individual.  <u>Id</u>.

12.  One investigative record can (and usually does) contain investigative information pertaining to multiple individuals.  <u>Id</u>.

13.  There are automated indexes to the investigative records; however, these indexes will point only to those persons who are named in the particular document indexed.  <u>Id</u>.

14.  If an individual is not named in a specific document, then a page by page search of the entire investigative record is necessary to find a document.  Odegard Decl., ¶ 9.

15.  The manner in which the Plaintiff framed his FOIA

request presented unusual difficulties for the DEA personnel responsible for conducting a search of responsive records; for instance, Plaintiff identified documents based only on the "exhibit numbers" that were used at his trial.  Odegard Decl., ¶ 10.

   16.  Coordination with the Office of the United States Attorney in the District in which the Plaintiff was tried was required, in order to tie the "exhibit numbers" to specific items seized as evidence.  Odegard Decl., ¶ 10.

   17.  After establishing a correlation between trial "exhibit numbers" and specific items seized, then DEA personnel needed to conduct a page by page search of the investigative record to correlate the seized items with specific records of laboratory tests (DEA Form 7) contained in the investigative record. Odegard Decl., ¶ 11.

   18.  The automated indexes were helpful in pointing out the case numbers of investigative records containing documents in which the Plaintiff was identified by name, but page by page searches of these investigative records were necessary to identify documents that may have been responsive to Plaintiff's FOIA request.  Odegard Decl., ¶ 11.

   19.  From June 2005 to August 2005 a DEA agent in Texas assisted SARO personnel in identifying responsive records, using DEA's automated indexes to determine which investigative records

contained documents relating to the Plaintiff.  Odegard Decl., ¶ 12.

20.  DEA coordinated with an Assistant United States Attorney ("AUSA"), and it also worked to identify which specific documents maintained by the DEA may be responsive to Plaintiff's request, based on the identifying information that the Plaintiff provided in his FOIA request, as correlated with the trial records that the AUSA maintained.  Odegard Decl., ¶ 12.

21.  The DEA agent has reported that he expended approximately 24 hours in search on this FOIA request.  Odegard Decl., ¶ 13.

22.  Additionally, the SARO's records reflect that a FOIA specialist has expended one hour in search; and a supervisory FOIA specialist has expended five hours in directing and coordinating the search for responsive documents on the Plaintiff's FOIA request.  Id.

23.  Adele Odegard also spent one half hour meeting with SARO personnel in which they reviewed search strategies to ensure that the DEA's searches in this case were reasonably likely to retrieve responsive documents.  Odegard Decl., ¶ 13.

24.  On September 22, 2005, the SARO Chief sent the Plaintiff a letter advising him that 12 documents have been located.  Odegard Decl., ¶ 14.

25.  The 12 documents relate to most (but not all) of the

items that the Plaintiff requested.  Id.

26.     The SARO Chief's September 22, 2005 letter advised Plaintiff that the documents would not be processed for release until he paid the amount due to the DEA for the costs expended in the search, which was $605.50.  Id.

27.     The SARO Chief's September 22, 2005 letter also advised Plaintiff to state whether he wished DEA to continue to search for the remaining item (which was the record of the telephone conversation); however, if the Plaintiff indicated he wished the search to continue, DEA would construe his request as a firm promise to pay.  Id.

28.     A copy of the September 22, 2005 letter is attached to the Declaration of Adele H. Odegard as Exhibit 4.  Odegard Decl., ¶ 14 and Exhibit 4.

29.     Even though the DEA agent reported that he expended approximately 24 hours in search, and SARO personnel documented a total of six (6) hours in search, and Ms. Odegard spent one half hour working on search issues, DEA's SARO billed the Plaintiff for only 20 hours of search time.  Odegard Decl., ¶ 15.

30.     In its analysis the SARO applied the mandate of 28 C.F.R. § 16.11(d)(3) [first two hours of search free], and in fact credited the Plaintiff with several additional free hours of search.  Id.

31.     In calculating the fees owed by Plaintiff, the SARO

also applied the two free hours to the higher search rate of $10.25 per quarter hour for managerial personnel. Odegard Decl., ¶ 15.

32. SARO's September 22, 2005 letter shows that SARO computed the fees due as 3.5 hours at $10.25 per quarter hour [$143.50] plus 16.5 hours at $7.00 per quarter hour [$462.00]. Id.

33. The rates SARO used are the rates set out in 28 C.F.R. § 16.11(c)(1)(ii). Odegard Decl., ¶ 15.

34. On October 12, 2005 the Plaintiff responded to the SARO chief's letter, stating that he sought a waiver of fees pursuant to 28 C.F.R. § 16.11(k)(2)(I)-(iv), and that the quoted price was "quite excessive for (12) documents." Odegard Decl., ¶ 16 and Exhibit 5.

35. A copy of the October 12, 2005 letter is attached to the Declaration of Adele H. Odegard as Exhibit 5. Odegard Decl., ¶ 16 and Exhibit 5.

36. On November 4, 2005 the SARO chief responded to the Plaintiff's letter of October 12, construing Plaintiff's letter as a disputed fee matter and as a request for fee waiver, and denying Plaintiff's requests. Odegard Decl., ¶ 17 and Exhibit 6.

37. As to the fee matter, the SARO chief's letter discussed in detail the time spent on the Plaintiff's FOIA request and noted that the quoted fee of $605.50 did not include more than 10

hours of time expended that was not charged to him. As to the request for fee waiver, the SARO chief concluded that the Plaintiff did not meet the standards set out in 28 C.F.R. § 16.11 for a waiver of fees. Odegard Decl., ¶ 17 and Exhibit 6.

    38. DEA informed Plaintiff of his right to appeal to the OIP. Id.

    39. A copy of the November 4, 2005 letter is attached to the Declaration of Adele H. Odegard as Exhibit 6. Odegard Decl., ¶ 17 and Exhibit 6.

    40. Plaintiff has not appealed the SARO Chief's determinations on these fee matters to the OIP. Odegard Decl., ¶ 18.

                                         Respectfully submitted,

                                         KENNETH L. WAINSTEIN, DC Bar #451058
                                         United States Attorney

                                         R. CRAIG LAWRENCE, DC Bar #171538
                                         Assistant United States Attorney

                                         W. MARK NEBEKER, DC Bar #396739
                                         Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,                )
                                )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 05-1300 RMU
                                )
EXECUTIVE OFFICE FOR            )
  U.S. ATTORNEYS, et al.,       )
                                )
          Defendants.           )
                                )
```

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE DISPUTE PRECLUDING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

1.  Defendants deny Plaintiff's legal conclusion that none of his requests are exempt under the Freedom of Information Act ("FOIA'). This purported "fact" is neither supported by competent evidence, nor accurate, given that the statement inaccurately presupposes that the Department of Justice ("DOJ" or "Agency") has received a proper request from the Plaintiff, because no such request is deemed received in light of Plaintiff's failure to remit the required fees. See 28 C.F.R. § 16.11(i)(4); Declaration of Adele H. Odegard ("Odegard Decl."), ¶¶ 2-18. Moreover, Plaintiff is simply incorrect in his assertion that exemptions do not apply to any responsive documents. Odegard Decl., ¶¶ 19-44.

2.  Defendants deny Plaintiff's legal conclusion that the time allowed to process his requests under the FOIA has expired. This purported "fact" is neither supported by competent evidence, nor accurate, given that the statement inaccurately presupposes

that the Agency has received a proper request from the Plaintiff, because no such request is deemed received in light of Plaintiff's failure to remit the required fees.  See 28 C.F.R. § 16.11(i)(4); Declaration of Adele H. Odegard ("Odegard Decl."), ¶¶ 2-18.

3.  Defendants admit that they have not responded to Plaintiff's discovery in this case, but deny that Plaintiff's discovery requests were proper requests for admissions.  Instead, they were interrogatories and no response was necessary given that the Court's December 16, 2005 Order postponed any discovery in this action until the resolution of the summary judgment motions.  See Defendant's Motion For A Protective Order (Docket No. 13); December 16, 2005 Order at 2-3 (Docket No. 17).

4.  Defendants admit that they have not responded to Plaintiff's discovery in this case, but deny that Plaintiff's discovery requests were proper requests for admissions.  Instead, they were interrogatories and no response was necessary given that the Court's December 16, 2005 Order postponed any discovery in this action until the resolution of the summary judgment

motions.  See Defendant's Motion For A Protective Order (Docket No. 13); December 16, 2005 Order at 2-3 (Docket No. 17).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment; Memorandum Of Points And Authorities In Support Of Federal Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment And In Opposition To Plaintiff's Motion For Partial Summary Judgment, Statement Of Material Facts As To Which There Is No Genuine Dispute; Statement Of Material Facts As To Which There Is A Genuine Dispute Precluding Summary Judgment In Favor Of Plaintiff and a proposed Order has been made by mailing copies thereof to:

KENDRICK FULTON
FBOP 80080-177
FCC Forrest City
P.O. Box 3000 / B-1
Forrest City, AR  72335

on this 31st day of January, 2006.

```
                                   _____
                                   W. MARK NEBEKER, DC Bar #396739
                                   Assistant United States Attorney
                                   Civil Division
                                   555 4th Street, N.W.
                                   Washington, DC  20530
                                   (202) 514-7230
```