```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON,                  )
                                  )
         Plaintiff,               )
                                  )
    v.                            )  Civil Action No. 05-1300 RMU
                                  )
EXECUTIVE OFFICE FOR              )
    U.S. ATTORNEYS, et al.,       )
                                  )
         Defendants.              )
                                  )
```

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT

Defendants[1] respond as follows to Plaintiff's Motion For A More Definite Statement. Plaintiff relies on Fed. R. Civ. P. 12(e) in seeking a more definite statement regarding the parameters of the pending motion to dismiss. Plaintiff's reliance on that rule is misplaced, because it applies only to "pleadings" which do not include a motion to dismiss. Rule 7(a) provides as follows:

> (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a

---

[1] Defendants are: the Executive Office for United States Attorneys ("EOUSA"); the Drug Enforcement Agency ("DEA"), the "Criminal Division" and the Office of Information And Privacy ("OIP"). None of these components constitutes an "agency" such as can be named in an action under the Freedom of Information Act. Although defendants are not moving to dismiss at this time, defendants reserve the right to seek dismissal for failure to name a proper party if plaintiff does not substitute the United States Department of Justice as the proper defendant.

reply to an answer or a third-party answer. Fed. R. Civ. P. 7(a).  Plaintiff's reliance on Rule 12(e) is thus, misplaced.  That rule only allows for a motion for a more definite statement where "a pleading to which a responsive pleading is permitted is . . . vague or ambiguous. . . ."  Fed. R. Civ. P. 12(e) (emphasis added).

In any event, Plaintiff seeks to know whether Defendants assert that his failure to pay the fees required by 28 C.F.R. § 16.11 acts as a defense to all or only some of the disclosures he seeks through the Complaint in this action.  In fact, after review of the circumstances, Defendants can state that the defense would apply to all remaining documents that Plaintiff seeks, although certain of the documents he now seeks from DEA appear to be copies of documents that he has already received from DEA when copies of those documents were forwarded to DEA from the Executive Office for United States Attorneys ("EOUSA").[2]  As to those documents, plaintiff's claims would also be moot.

In a FOIA action, the courts have jurisdiction only when an agency has improperly withheld agency records.  5 U.S.C.

---

[2] See Declaration of Adele H. Odegard ("Odegard Decl."), ¶¶ 6-14; 19-26 and Exhibits 1, 2, 4, 7-14.  For instance, although Plaintiff appears to be seeking in FOIA Request No. 05-0608-P various laboratory reports, including those in DEA Lab Nos. 144908, 154287 and 148100, see id., Exhibits 1-2; Plaintiff's Response To Request For A More Definate [sic] Statement (Docket #12) at 1; Plaintiff has already received properly redacted copies of those documents.  See Odegard Decl., ¶¶ 22-24 and Exhibits 9-12.

§ 552(a)(4)(B).  "[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'"  Trueblood v. U.S. Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting Crooker v. United States State Dept., 628 F.2d 9, 10 (D.C. Cir. 1980)); see also Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").[3]

---

[3]  Plaintiff did not articulate in his responses to defendant's request for a more definite statement that he is in any way dissatisfied with any of the redactions to the documents produced.  See Docket Nos. 12 and 16.  Nevertheless, Defendants have documented the bases for the redactions to those documents. See Odegard Decl., ¶¶ 27-44; 5 U.S.C. §§ 552(b)(2); 552(b)(7)(C); 552(7)(F); 552(j)(2).  Should Plaintiff later challenge those redactions, Defendants reserve the right to offer further argument on the issues in a reply.

WHEREFORE, Plaintiff's Motion For A More Definite Statement should be denied.

                Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendants' Response to Plaintiff's Motion For A More Definite Statement, and a proposed Order has been made by mailing copies thereof to:

Kendrick Fulton
FBOP 30080-177
FCC Forrest City (Med.)
P.O. Box 3000 / B-1
Forrest City, AR  72335

on this 9th day of March, 2006.

W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230