RECEIVED
MAR 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENDRICK FULTON, )
    Plaintiff, )
v. ) Civil Action No. 05-1300 RMU
EOUSA, et. al. )
    Defendants. )

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGEMENT**

Plaintiff respectfully files this response to Defendants' Motion To Dismiss (MTD) pursuant to Fed. R. Civ. P. 12(b)(1), and (6), or in the alternative, requesting summary judgement pursuant to Fed. R. Civ. P. 56. Plaintiff directs this court to the following issues of material fact, that entitle him to judgement as a matter of law.

Plaintiff initiated this Freedom of Information Act ("FOIA") action seeking specified documents from the EOUSA, and the DEA, relating to evidence relating from his criminal case. The documents at issue, are the lab results showing the prescence of sodium bi-carbonate in the cocaine base that was introduced at trial as "crack cocaine", and a voice message of Plaintiff's phone number, that an agent of the DEA swore in an affidavit to have learned Plaintiff's phone number for a wiretap that took place in the Norther District of Texas. See (MTD Ex. 2).

The Defendants' filed a protective order in this court, and refuse to admit or deny what the substance at trial was, but nonetheless, continue to provide copies of the requested lab reports to Plaintiff.("Odegard Decl. ¶ 26;Ex. 14 Jan. 26. 2006 letter from DEA) Defendants' have futher refused to admit or deny the existance of the requested voice message, and are invoking a "failure to exhaust remedies" defense, as grounds not to search for this item. Defendants' are alleging that "Plaintiff has failed to pay the properly assessed search fee in the amount $605.50,..." (Memrndm. MTD at 1-2)

Plaintiff asserts that the Defendants' are using the failure to exhaust remedies by paying

the search fee as a means to thwart Plaintiff's quest to ascertain whether or not a voice message exists. Defendants' have unequivocally stated that "no further processing will be initiated..[on the voice message]..until we receive the payment requested above." (MTD Ex. 4) Based on the fact that "the voice message," is the only part of the request that is being withheld by the Defendants, the following facts are material, and are reasons for this suit to continue.

Exhaustion of Administrative Remedies

Defendants contend that plaintiff has failed to exhaust his administrative remedies regarding Request No. 05-0608, filed on February 26, 2005.("Odegard Decl." ¶ 5;Ex. 1) A party must exhaust the available administrative remedies under the FOIA prior to seeking relief in federal court. Oglesby v. United States Dep't of Army, 920 F.2d 57, 61-62 (D.C. Cir. 1990); Nurse v. Sec'y of Air Force, 231 F.Supp.2d 323, 327 (D.D.C. 2002). The FOIA's exhaustion requirement, however, is not jurisdictional. Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. Id. at 1258-59 (quoting Oglesby, 920 F.2d at 61). The FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. Wilbur v. CIA, 355 F.3d 675, 677 (D.C. Cir. 2004); Hidalgo, 344 F.3d at 1259.

In the instant case, the Defendants position is disingenuous. In the March 15, 2005, letter (MTD Ex. 2), the DEA informed Plaintiff that his request was "awaiting processing,"...and that "[t]his letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00." It was not until the MTD was filed, that the Defendants, at great length explained the fee of $605.50.("Odegard Decl." ¶'s 9-42) This is not Plaintiff's argument. Plaintiff argues that, at no time was he informed that the fees would exceed $25.00,( See 28 C.F.R 16.11(e)), or that "the manner in which [he] framed his FOIA request presented unusual difficulties,"("Odegard Decl." ¶ 10). Therefore the Defendants

2

cannot now envoke the failure to pay fees as a defense.

FOIA regulations provide that the agency "shall notify the requester of the actual or estimated amount of the fees . . ." 28 C.F.R. § 16.11(e) (emphasis supplied); see also Trulock v. U.S. Dep't of Justice, 257 F.Supp.2d 48, 52 (D.D.C. 2003). Defendants' have provided no evidence that Plaintiff was ever informed of the duplication costs above the "up to" $25.00 he agreed to pay. (MTD Ex. 2) In fact, the agency states that "payment will be required" prior to the release of any records." Id. From June 30, 2005, when Plaintiff was notified about the status of his request("Odegard Decl." ¶ 8), until September 22, 2005, ("Odegard Decl." ¶ 14), when he was told of the fee for (12) documents found, the Defendants did not attempt to inform Plaintiff that the fee would exceed $25.00.

Released Documents

The Defendants are invoking the failure to exhaust remedies defense, only to the requested "voice message." The requested lab results are part of the same request as the voice message. (MTD Ex. 2). Pursuant to 28 C.F.R. § 16.11(e), which states:

> "[i]n cases in which a requester has been notified that actual or estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee."

The Defendants position in the MTD is inconsistent with this regulation of the section; (1) there was no notice that the fees would be more than the agreed upon price of $25.00, (2) further work has been done on other requests dealing with the same requested lab results in this case.(MTD "Odegard Decl." ¶ 26; Ex. 14 Jan. 26. 2006 letter from DEA).    The additional records regarding the lab results came under a new request number, under 16.11(i)(3) which states:

> "[w]here a requester has previously failed to pay a properly charged FOIA fee to any component or agency within 30 days of the date of billing, a component may require the requester to pay the full amount due, plus any applicable interest, and

3

to make an advance payment of the full amount of any anticipated fee, before the component begins to process a new request or continues to process a pending request from that requester."

According to this provision, and the Defendats argument, no other requests for the lab results should have initiated, or released base on a failure to pay the "properly charged FOIA fee."

Plaintiff was notified of the $605.50 search fee on September 22, 2005, clearly past the 30 day requirement of 1611.(i)(3). By continuing to provide records regarding the lab results, as recently as January 26, 2006, ("Odegard Decl." ¶ 26), shows that the Defendants are only invoking a failure to exhaust remedies defense, to obstuct Plaintiff from verifying, and obtaining the requested voice message.

Plaintiff asserts that "[s]ince the [Defendants'] failed to notify him of the required fees [over the agreed $25.00], they cannot now claim [he] has failed to pay the...required fee," and therefore summary judgment should be denied. Sliney v. Federal Bureau of Prisons, 04-1812 (RBW). (D.D.C. 04/11/2005) Furthermore, since Defendants refuse to admit, or deny specifically what the controlled substances are, and if there is/was a recorded voice message, there are still material facts of this suit in dispute.

### Conclusion

Based on the foregoing, Plaintiff respectfully prays that this Court will deny Defendant's summary judgment on the issue of plaintiff's failure to exhaust his administrative remedies in connection to the records requested on February 26, 2005, and allow this case to proceed on the above disputed issues.

DATE: 3/12/06

Respectfully submitted,

Kendrick J. Fulton

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the Defendants on this day the 12 day of March 2006, by first class postage-paid U.S. Mail service.

*Ken Fulton*
Kendrick J. Fulton