UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENDRICK FULTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1300 RMU |
| | ) |
| EXECUTIVE OFFICE FOR | ) |
| U.S. ATTORNEYS, et al., | ) |
| | ) |
| Defendants. | ) |

REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants have moved to dismiss or alternatively for summary judgment in their favor in this Freedom of Information Act ("FOIA") action, on the basis that Plaintiff has refused to make proper payment for the $605.50 in search time expended to locate and identify documents responsive to his request.[1]

Plaintiff has not specifically addressed the factual statements presented in the statement of material facts accompanying Defendants' filings.

> To survive summary judgment, the nonmoving party must offer more than mere allegations, Anderson [v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)], by going

---

[1] The fees reached over $600.00 because Plaintiff requested copies of DEA reports by reference to Exhibit numbers used at Plaintiff's criminal trial, and the exhibits were not identified in this manner in DEA's files. Thus, significant time was required to cross-reference DEA's records with those of the office that prosecuted Plaintiff. See Statement Of Material Facts, ¶¶ 13-37. The $605.50 in fees assessed was actually substantially reduced from what could have been properly charged. See Odegard Decl., Exhibit 6 (noting that even when the Assistant United States Attorney's time is disregarded, plaintiff could have been charged $859.50).

> "beyond the pleadings and by its own affidavits, or by
> the 'depositions, answers to interrogatories, and
> admissions on file,' designate 'specific facts showing
> that there is a genuine issue for trial.'" Celotex
> Corp. v. Catrett, 477 U.S. 317, 324 (1986).
>                       * * *
> [L]egal conclusions "cloaked" as facts are not
> sufficient to create a genuine issue of material fact.
> And, of course, the parties are obligated, pursuant to
> Local Rule 108(h) [now Local Civ. R. 7(h) and 56.1], to
> identify the material facts and point to evidence of
> record that supports their respective positions.
> Jackson v. Finnegan, Henderson, Farabow, Garrett, 101
> F.3d 145, 150-51 (D.C. Cir. 1996).

United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997), aff'd mem., 159 F.3d 637 (D.C. Cir. 1998).  Because Plaintiff has not addressed the facts identified and supported by Defendants, those facts should be deemed admitted.  See Local Civ. R. 7(h); 56.1.

Among these facts, the following can be distilled:

1) Plaintiff has failed to make payment for the $605.50 already expended in locating responsive documents, although he was called upon to do so by letter dated September 22, 2005 and by 28 C.F.R. § 16.11 (see Statement Of Material Facts, ¶¶ 13-37; Odegard Decl., Exhibit 4);

2) Plaintiff has not appealed the decision to assess these fees to the Office of Information and Privacy (see Statement Of Material Facts, ¶¶ 37-40);

3) Plaintiff has failed to notify DEA of his agreement to pay for any further search that would be required to locate any tape recording that may exist and that is responsive to his

request.  (See Statement Of Material Facts, ¶¶ 20-28; Odegard Decl., Exhibit 4).

Plaintiff admits that he received the September 22, 2005 Letter, but still argues that "Defendants' [sic] have provided no evidence that Plaintiff was ever informed of the duplication costs above the 'up to' $25.00 he agreed to pay."  See Plaintiff's Opp. at 3-4.[2]  A review of the September 22, 2005 Letter and undisputed statement of facts makes clear that Plaintiff was told of the determination that search fees had already reached $605.50.  See Statement Of Material Facts, ¶¶ 13-37; Odegard Decl., Exhibit 4; see also Plaintiff's Opp. at 4 ("Plaintiff was notified of the $605.50 search fee on September 22, 2005 . . .").  Plaintiff does not argue that he has paid the properly assessed fees; rather, he seems to be arguing that the government is somehow estopped from seeking the fees, because DEA separately processed three DEA reports that were located and referred by the Executive Office for United States Attorneys ("EOUSA").  See Plaintiff's Opp. at 3; Odegard Decl., ¶¶ 19-44.  Ordinarily, the government may not be estopped.  See F.J. Vollmer Co., Inc. v. Higgins, 23 F.3d 448, 450 (D.C. Cir. 1994) ("affirmative misconduct required to estop the government from

---

[2] Plaintiff appears to regard duplication costs as synonymous with search fees.  The two are treated separately in the regulations.  See 28 C.F.R. § 16.11(b)-(c).  And it is clear that the fees being assessed are for search time.  See Statement Of Material Facts, ¶¶ 13-37; Odegard Decl., Exhibit 4.

enforcing its laws"). Plaintiff offers no basis to conclude any misconduct on the part of the Defendants. Indeed, it was the agency properly fulfilling its obligation to process documents referred under the FOIA by another component of that agency that resulted in Plaintiff receiving the three reports at issue.

Moreover, although Department of Justice regulations allow separate DOJ components to aggregate requests to different components under ceratin circumstances, such treatment is not compelled. See 28 C.F.R. § 16.11(h) ("component may aggregate . . . requests.") (emphasis added). Thus, that DOJ may have released certain documents pursuant to a request received by another component does not preclude the assessment of additional fees or the advanced payment of fees which exceed $250.00. See id.; 28 C.F.R. § 16.11(i)(2) ("Where a component determines or estimates that a total fee to be charged under this section will be more than $250.00, it may require the requester to make an advanced payment of an amount up to the amount of the entire anticipated fee before beginning to process the request, except where it receives satisfactory assurance of full payment from a requester that has a history of prompt payment.").[3]

---

[3] Plaintiff has apparently misidentified the provision under which prepayment was demanded and the party who is to act within 30 days under 28 C.F.R. § 16.11(i)(3) in any event. See Plaintiff's Opp. at 4 ("Plaintiff was notified of the $605.50 search fee on September 22, 2005, clearly past the 30 day requirement of 1611.(i)(3) [sic]."). Prepayment of the $605.50 was required because it exceeded the $250.00 threshold set forth

The cases relied upon by Plaintiff actually support Defendants' arguments. For instance, in Trulock v. U.S. Department of Justice, 257 F. Supp.2d 48 (D.D.C. 2003), the Court concluded that a FOIA requester must either 1) indicate in advance a willingness to pay a fee higher than $25.00 or 2) await notification of the anticipated cost and then either a) agree to pay it or b) seek a fee waiver and if it is denied, exhaust administrative remedies with respect to the denial. Here, Plaintiff has not sought to appeal the denial of a fee waiver and has never paid or indicated that he would pay the required fees. See Statement Of Material Facts, ¶¶ 24-28, 34-40.

Plaintiff attempts to manufacture an excuse for the non-payment by arguing that he was never notified of the required fees over $25.00 and that therefore defendants cannot now claim that he has failed to pay the required fees. Plaintiff's Opp. at 4. He cites for this proposition the April 11, 2005 decision in Sliney v. Federal Bureau of Prisons, 04-1812 RBW, 2005 WL 839540 (D.D.C. Apr. 11, 2005). That decision, in fact, makes clear that "[f]ailure to pay requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies." Id. at *4. This Sliney decision

---

in 28 C.F.R. § 16.11(i)(2). In any event, the 30-day period in section 16.11(i)(3) is the period after which non-payment by a requester may trigger a prepayment requirement of fees under $250.00. See 28 C.F.R. § 16.11(i)(3).

denied summary judgment based on a conclusion that the defendant had "produced no evidence that plaintiff has ever been informed of the duplication costs." Id.  In the instant action, Defendants have established that DEA has forwarded information on the outstanding fees and Plaintiff has admitted receiving the information.  See Plaintiff's Opp. at 4 ("Plaintiff was notified of the $605.50 search fee on September 22, 2005. . .").  The later decision in Sliney is instructive on the consequences of such a showing.  See Sliney v. Federal Bureau of Prisons, Civil Action No. 04-1812 RBW, 2005 WL 3273567 (D.D.C. Sept. 28, 2005). Indeed, the circumstances in the later Sliney decision reinforce the propriety of dismissal of Plaintiff's claims in this action:

> On April 11, 2005, this Court issued a ruling on defendant's initial motion for summary judgment.  The Court denied summary judgment on the exhaustion of administrative remedies issue in regards to recordings of the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations because the agency had failed to notify plaintiff of the required processing fee.
>
> * * *
>
> In processing plaintiff's request for production of the three telephone conversations that remain at issue, the BOP estimated that duplication of the calls would take approximately one and a half hours.  On April 11, 2005, the BOP sent a letter to plaintiff stating that the estimated processing cost was $60.00. Plaintiff was advised by the BOP that once he agreed to pay the fee, the tapes would be processed and he would be advised of the actual fee he would have to pay.
>
> Defendant filed its renewed motion for summary judgment on May 2, 2005.  By letter dated May 6, 2005, plaintiff stated that he agreed to pay the $60 processing fee "in monthly payments of 20% of my inmate account."  On May 24, 2005, the BOP informed plaintiff that it would not accept his offer to make monthly

payments because it "does not have the ability to take the payment for you as suggested, nor can it monitor the amounts paid by installment."  The BOP also reiterated that it would not further process plaintiff's request until he agreed to pay the estimated fee in full.

* * *

Defendant contends that plaintiff has failed to exhaust his administrative remedies regarding the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations.  A party must exhaust the available administrative remedies under the FOIA prior to seeking relief in federal court.  <u>Oglesby</u> v. <u>United States Dep't of Army</u>, 920 F.2d 57, 61-62 (D.C. Cir. 1990); <u>Nurse</u> v. <u>Sec'y of Air Force</u>, 231 F.Supp.2d 323, 327 (D.D.C. 2002).  The FOIA's exhaustion requirement, however, is not jurisdictional.  <u>Hidalgo</u> v. <u>FBI</u>, 344 F.3d 1256, 1258 (D.C. Cir. 2003).  Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar.  <u>Id</u>. at 1258-59 (quoting <u>Oglesby</u>, 920 F.2d at 61).  The FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review.  <u>Wilbur</u> v. <u>CIA</u>, 355 F.3d 675, 677 (D.C. Cir. 2004); <u>Hidalgo</u>, 344 F.3d at 1259.

Defendant claims plaintiff has not complied with the exhaustion requirement because he has not provided payment for processing his telephone records or requested a fee waiver from the agency.  Generally, requesters must pay reasonable charges associated with processing their FOIA requests.  <u>Judicial Watch, Inc.</u> v. <u>Rossotti</u>, 326 F.2d 1309, 1310 (D.C. Cir. 2003); <u>see also</u> 5 U.S.C. § 552(a).  Agencies, however, are required to waive fees if a requester demonstrates that "disclosure of the information is in the public interest."5 U.S.C. § 552(a)(4)(A)(iii).

Failure to pay the requested fees or to appeal the denial from a refusal to waive fees constitutes a failure to exhaust administrative remedies.  <u>Oglesby</u>, 920 F.2d at 66; <u>Judicial Watch, Inc.</u>, 190 F.Supp.2d [29, 33 (D.D.C. 2002)]. Moreover, judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals that decision or pays the assessed fee. <u>Judicial Watch, Inc.</u>, 326 F.3d at 1310; <u>Trulock</u> v. <u>U.S. Dep't of Justice</u>, 257 F.Supp.2d 48, 52 (D.D.C. 2003).

> It is undisputed that plaintiff has not paid the processing fee or appealed the BOP's decision rejecting his "installment" plan. There is no authority in the statute or caselaw supporting plaintiff's proposition that his agreement to allow the agency to withdraw monthly partial payments from his prison account constitutes an agreement to pay the total fee. See 28 C.F.R. 16.11(e)(2001)(FOIA request will not be processed until requestor agrees to pay anticipated total fee). Since plaintiff has failed to exhaust his administrative remedies regarding the fee processing issue, the case is subject to dismissal.

Sliney v. Federal Bureau of Prisons, Civil Action No. 04-1812 RBW, 2005 WL 3273567 at *2-*4 (D.D.C. Sept. 28, 2005)(record citations omitted); see also Green v. Drug Enforcement Admin., Civil Action No. 03-2268 HHK, 2006 WL 826466, *1 (D.D.C. Mar. 29, 2006) (The payment or waiver of assessed fees or an administrative appeal from the denial of a fee waiver request is a condition precedent to filing a FOIA claim in the district court); Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives, Civil Action No. 04-1180 CKK, 2006 WL 695905, *5 (D.D.C. Mar. 17, 2006) (same); Gonzalez v. Bureau of Alcohol, Tobacco, and Firearms, Civil Action No. 04-2281 JDB, 2005 WL 3201009, *6 (D.D.C. Nov. 9, 2005) (same).

To the extent that Plaintiff may be urging an interpretation of the Department of Justice regulations that would require the agency to advise the requester before the search is completed of the costs, such a conclusion is unfounded. The language of the regulations allows for the agency to base its demand for

prepayment of fees over $250.00 on <u>either</u> an estimate (presumably an estimate because it comes before the search and cannot therefore be calculated with certainty) or on a determination (something that can be more accurately determined than an estimate where, for instance, the search has been completed). <u>See</u> 28 C.F.R. § 16.11(i)(2) ("Where a component <u>determines or estimates</u> that a total fee to be charged. . . will be more than $250.00. . .") (emphasis added); <u>see also</u> 28 C.F.R. § 16.11(e).[4]

Plaintiff cannot overcome the fact that the agency has incurred over $250.00 in fees thus far and Plaintiff has neither agreed to pay them, paid them, or appealed the denial of his fee waiver request. Under the authorities cited above, he cannot pursue

---

[4] Even if Plaintiff had been given earlier notice of the costs, he has offered no basis to conclude that he could have, or would have, either limited his search or added any efficiency to the search process. There is, therefore, no basis to conclude that Plaintiff should receive a free search where regulations call for fees to be charged. <u>See</u> 28 C.F.R. § 16.11(c) ("In responding to FOIA requests, components shall charge the following fees unless a waiver or reduction of fees has been granted . . . ."). Moreover, Plaintiff's suggestion that a post-search assessment of fees is somehow improper would not excuse the assessment of the fees that have yet to be incurred, <u>i.e.</u>, the fees that would have to be incurred in order to locate any potential tape recording. <u>See</u> Odegard Decl., ¶ 14 and Exhibit 4.

this action under these circumstances.  Accordingly, defendants ask that this action be dismissed.

>
> Respectfully submitted,
>
> _____
> KENNETH L. WAINSTEIN, DC Bar #451058
> United States Attorney
>
> _____
> RUDOLPH CONTRERAS, DC Bar #434122
> Assistant United States Attorney
>
> _____
> W. MARK NEBEKER, DC Bar #396739
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Response To Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made by mailing copies thereof to:

KENDRICK FULTON
FBOP 80080-177
FCC Forrest City
P.O. Box 3000 / B-1
Forrest City, AR  72335

on this 11th day of May, 2006.

                                          W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230