UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LET THIS BE FILED
DATE: MAY 30, 2006
JUDGE RICARDO M. URBINA

KENDRICK FULTON,           )
                           )
    Plaintiff,             )
                           )
v.                         )   Civil Action No. 05-1300 RMU
                           )
EXECUTIVE OFFICE FOR       )
U.S. Attorneys, et al.,    )
                           )
    Defendants.            )

PLAINTIFF'S REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE
FOR SUMMARY JUDGEMENT

This is in response to the Defendants' filing in this Court on May 11, 2006. Plaintiff asserts that the Defendants' Motion To Dismiss or, Alternatively for Summary Judgement in their favor in this Freedom of Information Act ("FOIA") action on the basis that Plaintiff has not made the proper payment of $605.00 for search time expended to located twelve documents responsive to his request is unwarranted, In this case, the Defendants' failed to give proper notice that the "applicable fees" would amount to more than the agreed upon price of $25.00 (see Ex. 2, Defndts' MTD, March 15, 2006), based on the way Plaintiff request was formulated.

The Defendants' action do not comply with 28 C.F.R. § 16.11(e), which requires "notice of anticipated fees in excess of $25.00." (emphasis added). The record in this case shows that Plaintiff filed his request on February 26, 2005. On June 30, 2005, the SARO Chief notified Plaintiff in writing that his request was delayed based on an "office computer transition", and that the DEA had adopted a "first-in, first-out" practice for processing requests. (see Odegard Decl., Ex. 6 ¶8) Despite having Plaintiff's request over four months, the Defendants' never once informed Plaintiff that

his request of DEA reports by reference to exhibit numbers used at his criminal trial were not identified in this manner in the DEA's files, and that based on the way his request was formulated signifigant time will be required to process the request.(see footnote *1, May 11, 2006 Reply, giving the reason for the fee of $605.00)

Defendants' appear to be arguing that the September 22, 2005 letter to Plaintiff was sufficient to satisfy the notice requirement of § 16.11(e), for anticipated fees in excess of $25.00. (see May 11, 2006 Reply at page 3)  However,nothing in the Odegard Decl. regarding the processing of Plaintiff's request met the requirements of § 16.11(e).  First of all, it is undisputed that the first fee given other than the agreed upon price of $25.00 applicable under 28 C.F.R. § 16.11(Ex. 2, MTD) was on September 22, 2005, nearly nine months after Plaintiff submitted his request.  Defendants' offer no explanation why it took nine months to determine that "the manner in which Plaintiff framed his request presented unusual difficulties for the DEA personel for conducting [the] search" (Odegard Decl. ¶ 10), but assert this is the reason for the fee of $605.50 for the twelve responsive documents.  The purpose of "notice" under § 16.11(e) is to avoid the exact situation that occurred in this case. This section reads in pertinent part"

> "A notice under this paragraph will offer the requester an opportunity to discuss the matter with Department personnel in order to reformulate the request to meet requester's needs at a lower cost."

By the time notice was given on September 22, 2005, it was impossible to re-formulate  the request for a lower cost, because by then the cost was already at $605.00.

Second of all, Defendant's assertion that "even if Plaintiff

2

had been given earlier notice of the cost," offers "no basis to conclude that he could have or would have, either limited his search or added any efficiency to the search process" (May 11, 2006 Reply Page 9, footnote *4) entirely misconstrues Plaintiff's argument. Plaintiff is simply arguing that had Defendants' given notice when the fee exceeded $25.00, by informing him in writing that his request by reference to exhibit numbers at his criminal trial were not identified this way in DEA files, and that signifigant time would be required to cross-reference DEA records with the office of prosecution( May 11, 2006 Reply at footnote*1), and given him an opportunity to re-formulate the request, it is no question that Plaintiff would have re-formulated the request to comply with the applicable fee of $25.00.

The entire discovery of Plaintiff's criminal trial was around 4,800 pages. Plaintiff could have requested the entire discovery of which the twelve responsive documents are part of for roughly $500.00 @ .10¢ a page. The entire discovery is priced lower than the twelve docuements in the discovery.

Based on all of the foregoing, Plaintiff asks this Court to DENY Defendants' Motion To Dismiss Or, In The Alternative For Summary Judgement on the exhaustion of remedies requirement because the Defendants' failed to give notice that the fee would exceed the agreed upon price of $25.00, and ORDER any other relief that this Court deems fair and just.

Respectfully submitted,

Kendrick J. Fulton
Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 19, 2006 a copy of the foregoing Reply was mailed to the Defendants' attorney at:

> W. Mark Nebeker
> AUSA
> Civil Division
> 555 4th St. N.W.
> Washington , DC 20530

Ken J. Fulton
Reg. No. 30080-177
PO Box 3000/B-1
Forrest City, AR 72335