UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENDRICK FULTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.:   05-1300 (RMU) |
| | : | |
| EXECUTIVE OFFICE FOR | : | Document Nos.:   18, 20, 24 |
| U.S. ATTORNEYS *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]

### I. INTRODUCTION

The plaintiff, proceeding *pro se*, has brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Pending before the court are the defendants' motion for summary judgment, the plaintiff's motion for partial summary judgment, and the plaintiff's motion for a more definite statement.  Because the plaintiff has failed to exhaust his administrative remedies, court grants the defendants' motion and the case is dismissed without prejudice.  Because the defendants have not violated the FOIA time limits, the court denies the plaintiff's motion for partial summary judgment.  The court also denies the plaintiff's motion for a more definite statement because it is moot.

### II. BACKGROUND

On February 26, 2005, the plaintiff sent a FOIA request to the Drug Enforcement

---

[1] Because the court will consider matters outside the pleadings, the defendants' motion will be treated solely as one for summary judgment.  FED. R. CIV. P. 12(b).

Administration ("DEA") seeking the agency's documents in his name. Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. ("Defs.' Mot.") Attach. 1 ("Odegard Decl.") ¶5; Defs.' Mot. Ex. 1. The plaintiff requested arrest records, investigative reports, evidentiary and scientific information, lab results on exhibits admitted at his criminal trial, and a "copy of a phone call" referred to in an agent's affidavit. Odegard Decl. ¶ 6; Defs.' Mot. Ex. 1.[2] In his request, the plaintiff agreed to pay all reasonable costs associated with the search and copying of the documents. *Id.* The DEA acknowledged the plaintiff's request on June 30, 2005, informing him of the considerable backlog in processing FOIA requests. Defs' Mot. Ex. 3.

The DEA maintains its investigative records under a case number and not the name of an individual. Odegard Decl. ¶ 9. In his request, the plaintiff only provided the DEA with trial exhibit numbers and not his case number. *Id.* ¶ 10. As a result, the DEA had to coordinate with the United States Attorneys' Office in Lubbock, Texas, the office which prosecuted the plaintiff, to connect the exhibit numbers to the specific pieces of evidence in the plaintiff's request. *Id.* DEA personnel then did a page by page manual search of the relevant investigative record in an effort to find the records of laboratory tests sought by the plaintiff. *Id.* ¶ 11. From June 2005 to August 2005, DEA personnel conducted the search for records responsive to the plaintiff's request. *Id.* ¶ 12. The search took approximately 24 hours to complete. *Id.* ¶13.

On June 29, 2005, the plaintiff filed the complaint in this action. He alleges that the

---

[2]   On November, 2004, the plaintiff also sent a FOIA request seeking laboratory test results to an Assistant United States Attorney in Lubbock, Texas. Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. ("Defs.' Mot.") Attach. 1 ("Odegard Decl.") ¶ 19; Defs.' Mot. Ex. 7. The Executive Office for United States Attorney (" EOUSA") responded to the plaintiff' s request, informing him that it had located three pages of records responsive to his request. *Id.* In addition, the EOUSA advised the plaintiff that the three pages had been referred to the DEA for processing. *Id.*

defendants have not responded to his FOIA request in a timely manner as required by the statute and its accompanying regulations. Compl. ¶ 10. On September 22, 2005, the DEA informed the plaintiff that it had located 12 pages of documents responsive to his request. Defs.' Mot. Ex. 4. The DEA also advised the plaintiff that the search for the records had taken 22 hours and that further searching and a release of the 12 pages would not occur until he agreed to pay $605.50. *Id.*[3]  In response to this letter, the plaintiff sought a waiver of the processing fees pursuant to 28 C.F.R. § 16.11(k)(2)(i)-(iv). Defs,' Mot. Ex. 5.[4]

The DEA denied the plaintiff's request on November 4, 2005. Defs.' Mot. Ex. 6. The agency concluded that the plaintiff had not met the required standard for a fee waiver. *Id.* The plaintiff was advised that he could appeal this decision to the Office of Information and Privacy ("OIP") in the Department of Justice. *Id.* The plaintiff did not appeal the denial of his fee waiver request. Odegard Decl. ¶ 18.

---

[3] After the plaintiff filed this action, the defendants filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure requesting that the court order the plaintiff to list the specific documents which he seeks from the defendants. In response, the plaintiff stated that he was only requesting copies of the lab analysis related to trial exhibits 61-64 and a tape recording of a November 15, 2001 telephone call intercepted by a government wiretap.

[4] The FOIA requires agencies to reduce or eliminate all fees "if disclosure of the information is in the public interest because it (1) is likely to contribute significantly to public understanding of the operations or activities of the government and (2) is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Under the FOIA regulations promulgated by DOJ, the agency and its components determine if a disclosure will "contribute significantly to public understanding" by considering four factors. 28 C.F.R. § 16.11(k)(2). First, the subject of the information requested must pertain to the "operations or activities of government." Second, the requested information must be "meaningfully informative about government operations or activities. Third, disclosure of the information "must contribute to the understanding of a reasonably broad audience of persons interested in the subject." Finally, the disclosure must significantly enhance public understanding. *Id.* § 16.11(k)(2)(i-iv).

### III.  ANALYSIS

#### A.  Legal Standard for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. U.S. Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248.  And the non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). However, agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Servs v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

### B.  The Court Grants the Defendants' Motion for Summary Judgment

The defendants move for summary judgment on the ground that the plaintiff has failed to exhaust his administrative remedies. A party must exhaust the available administrative remedies under FOIA prior to seeking relief in federal court. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *Nurse v. Sec'y of Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002). FOIA's exhaustion requirement, however, is not jurisdictional. *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Failure to exhaust only precludes judicial review if "the purposes of exhaustion" and the "particular administrative scheme" support such a bar. *Id.* at 1258-59, quoting *Oglesby*, 920 F.2d at 61.

FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Hidalgo*, 344 F.3d at 1259. Exhaustion of remedies is generally required "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. The purposes and policies of the exhaustion requirement are

to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise, and to compile an adequate record for review. *Wilbur*, 355 F.3d at 677; *Hidalgo*, 344 F.3d at 1259.

      The defendants contend that the plaintiff has not complied with the exhaustion requirement because he has not appealed the denial of his fee waiver request. To exhaust administrative remedies under the FOIA, a party must first appeal to the head of the agency; in this case, the OIP. *Judicial Watch, Inc. v. FBI*, 190 F.Supp.2d 29, 32-33 & n. 1 (D.D.C. 2002).[5] If a plaintiff does not appeal the denial of a refusal to waive fees, he has failed to exhaust administrative remedies. *Oglesby*, 920 F.2d at 66; *Judicial Watch, Inc.*, 190 F.Supp.2d at 33. Moreover, judicial review of an agency's denial of a fee waiver request cannot be sought until a plaintiff appeals that decision or pays the assessed fee. *Judicial Watch, Inc.*, 326 F.3d at 1310; *Trulock v. U.S. Dep't of Justice*, 257 F.Supp.2d 48, 52 (D.D.C. 2003).

      The plaintiff does not dispute the defendants' claim that he did not appeal the denial of his fee waiver request. Instead, the plaintiff contends that summary judgment should not be granted because the DEA never informed him that the processing fee would exceed $25.00. Pl's Opp'n. to Defs.' Mot. at 2-3.

      The FOIA regulations provide that the agency "*shall* notify the requester of the actual or estimated amount of the fees . . ." 28 C.F.R. § 16.11(e) (emphasis supplied); *see also Trulock*, 257 F. Supp. 2d at 52. Contrary to plaintiff's assertion, the agency, in fact, did inform him that the processing fee was $605.50. Odegard Decl. ¶ 14; Defs.' Mot. Ex. 4. Moreover, although not

---

[5] Each of the agency components named as defendants are within the Department of Justice.

raised by the plaintiff, it is of no moment that the plaintiff was not informed of the required processing fee until after he filed suit. "Regardless of whether the plaintiff 'filed' suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Dep't of Treasury*, 943 F. Supp. 64, 68-69 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 119-20 (4th Cir. 1995)).

It is an undisputed fact that the plaintiff did not exhaust his administrative remedies. For this reason, judicial review of the agency's disposition of the plaintiff's FOIA request is precluded at this time.

### C. The Court Denies the Plaintiff's Motion for Partial Summary Judgment and the Plaintiff's Motion for a More Definite Statement

The plaintiff moves for partial summary judgment on the grounds that the defendants did not respond to his FOIA request within the time limit set by the statute, have not answered his discovery requests, and have failed to disclose the documents he requested. The FOIA requires an agency to "determine within twenty days ... after the *receipt* of any [records] request whether to comply with such request and shall immediately notify" the requester of the agency's determination and the reasons for its decision. 5 U.S.C. § 552(a)(6)(A)(I) (emphasis supplied). In cases where an agency requires an advance payment by the requester, the request is not considered received until the payment is received by the agency. 28 C.F.R. § 16.11(i)(4); *see also Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1127 (D.C. Cir. 2004). As noted above, the plaintiff has not paid the required fee. The FOIA's time limit has not been violated because the plaintiff's request has yet to be "received" by the defendants within the meaning of

the statute.

The remaining arguments proffered by plaintiff are also without merit. The defendants are not required to respond to the plaintiff's discovery requests because discovery was stayed by this court's December 16, 2005 Order. In addition, the court has already concluded that because the plaintiff has not exhausted his administrative remedies, the defendants are not required to disclose the requested records to him. For these reasons, the plaintiff's motion for partial summary judgment will be denied.

The plaintiff has also filed a motion for a more definite statement. He seeks an order directing the defendants to identify which documents are subject to its exhaustion argument. In response, the defendants stated that their summary judgment motion applies to all of the records requested by the plaintiff. Defs.' Opp'n. to Pl.'s Mot. for a More Definite Statement. The plaintiff's motion, therefore, will be denied as moot.

### IV.  CONCLUSION

Based on the foregoing, the defendants' motion for summary judgment is granted, and the plaintiff's motions for partial summary judgment and for a more definite statement is denied. The case will be dismissed without prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of June, 2006.

                                                RICARDO M. URBINA
                                                United States District Judge